SPECTOR, Judge.
Appellant seeks reversal of an adverse final summary judgment in a third party action brought by appellant against the ap-pellee.
Appellant was defendant in a negligence action brought by the widow of Harry A. Spaulding, an employee of Dickerson, Inc., appellee herein. The decedent was a heavy equipment operator on a road construction job being performed by appellee Dickerson, Inc. The decedent sustained fatal injuries in the course of his employment when the earth mixing machine he was operating struck a gas main owned by appellant causing an explosion. At the time of the accident, the employer, Dickerson, Inc., had accepted the provisions of Chapter 440, Florida Statutes, and had complied with the provisions thereof by obtaining workmen’s compensation insurance. Benefits under said act were being paid to the widow of the deceased employee at the time this action was brought.
Upon the bringing of Mrs. Spaulding’s negligence action against the appellant, the latter filed its third party complaint seeking indemnity against the decedent’s employer contending that the fatal accident resulted from the negligent acts and omissions of the employer.
By its answer, the appellee interposed its defenses among which was the contention that appellant’s third party action against an employer was barred by the provisions of the Florida Workmen’s Compensation Act, specifically Section 440.11, Florida Statutes, F.S.A., which states:
“Exclusiveness of liability. — The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * * ”
Upon consideration of the appellee’s motion for summary judgment, the trial court found that there were no genuine material issues of fact with respect to the defense based on the foregoing statute and entered its final summary judgment in favor of the employer. In our view, the trial court was correct and we affirm.
There is no question but that the fatal injuries sustained by the decedent were covered by the Workmen’s Compensation Act. Section 440.11 is quite explicit in relieving an employer electing to operate under the act from all liability to the employee “ * * * and anyone otherwise entitled to recover damages from such employer * * * on account of such injury or death.”
Similarly worded compensation acts have been construed by the courts of our sister states so as to bar an action against an employer for contribution or indemnity by a third-person tortfeasor who is liable for injuries to an employee. This seems-to be the rule in a great majority of the cases throughout the country as indicated by the authorities found in an annotation of the subject in S3 A.L.R.2d 977.
No cases from this jurisdiction have been cited by the parties ruling on the precise point here involved. Our independent *117 search has also failed to disclose such a case. Although there are some jurisdictions which hold that the compensation act is not a bar to an action for contribution or indemnity brought by a third-person tortfeasor against an employer, we think as did the court below that the majority view prohibiting such actions as expressed by the cases in the cited annotation reflects the better reasoned view. It seems to us that the majority view is in keeping with the legislative intent manifested by the wording of Section 440.11, Florida Statutes, F.S.A.
Accordingly, the judgment appealed is affirmed.
JOHNSON, C. J., and RAWLS, J., concur.