235 So.2d 482 (1970)
TRAIL BUILDERS SUPPLY COMPANY, a Florida Corporation, Appellant,
v.
Phillip REAGAN, a Minor, by Edwin H. Reagan, His Father and Next Friend, and Edwin H. Reagan, Individually, and Idaco Engineering and Equipment Co., a Corporation, Appellees.
No. 38627-A.
Supreme Court of Florida.
March 18, 1970.
Rehearing Denied June 15, 1970.
Errol S. Cornell of Cornell & Lanza, Miami, for appellant.
Edward J. Atkins of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellees.
CREWS, JOHN J., Circuit Judge.
This case is presented on Certificate as authorized by Fla. Stat., § 25.031, F.S.A., and Rule 4.61, Fla.App.Rules 32, F.S.A., from the United States Court of Appeals for the Fifth Circuit, 1969, 409 F.2d 1059 (April 7, 1969), in an appeal from a decision of the trial court denying third party defendant's motion for summary judgment in a cross-claim action by third party plaintiff who was passively negligent in an action by an injured employee where the defendant employer's active negligence (third party defendant) was primarily responsible for the injury.
The Court states that:
On January 2, 1964, Phillip Reagan, an employee of the appellant employer, sustained an injury in the course of his employment when he was drawn into a truss roll press being operated without an appropriate safety device. Appellant, in compliance with the Florida Workmen's Compensation Act, furnished compensation and medical benefits to its employee through its insurance carrier. In April 1965, employee Reagan instituted an action in the Circuit Court for Dade County, Florida, for damages for his injuries, against the Idaco Engineering and Equipment Company, the manufacturer of the truss roll press, alleging that it was negligent in the construction of the machine. The case was removed to the United States District *483 Court for the Southern District of Florida, jurisdiction resting upon diversity of citizenship.
On January 24, 1967, the Trial Judge granted the manufacturer's motion for leave to file a third party complaint, and by this complaint, the manufacturer sought indemnity from the appellant employer for such damages as it might be compelled to pay the plaintiff employee. The third party complaint alleged that the employer had ignored safety regulations by making certain safety devices ineffective, and that this had caused the employee's injuries. The employer moved for summary judgment on the ground that it was immune from liability for damages by virtue of the exclusive remedy provision of the Florida Workmen's Compensation Act. The District Court denied the employer's motion; however, it entered an order, pursuant to 28 U.S.C. § 1292(b), staying the proceedings and authorizing the employer to petition this Court for leave to appeal from an interlocutory order, the District Court having found that the order involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *". On May 22, 1968, a panel of this Court granted appellant's petition for leave to appeal.
(3) Question of Law to be Answered:
Whether, under the law of Florida, an employer who has made payments of compensation and medical benefits to an injured employee under the Florida Workmen's Compensation Act may also be liable for indemnity to a passively negligent third party tortfeasor, who has been sued for damages by the injured employee, where it is alleged in the claim for indemnity that the employer's active negligence was primarily responsible for the injury, but the employer has invoked the exclusive remedy provisions of the Act (§ 440.11, Florida Statutes Annotated 1966).
The parties to this action will be hereinafter referred to as follows:
The injured appellee, Phillip Reagan, as the "Employee"; the appellee, Idaco Engineering and Equipment Co., a corporation, the "Manufacturer"; the appellant, Trail Builders Supply Company, a Florida Corporation, the "Employer".
The Employer in its able argument and brief primarily relies upon the exclusiveness of the employee's remedy against his employer,[1] citing, § 440.11, Florida Statutes, F.S.A.,[2] and arguing that since an employer, by compliance with the Act, agrees to endure absolute vicarious liability up to the limits of the Act, for injury or death to an employee, he is guaranteed that he will not be held to answer for damages in excess of the specified limits regardless of fault.[3] It would follow, therefore, that he should not be subjected to additional liability merely because a third partly tortfeasor enters the picture. To allow such impleading would permit indirectly what cannot be accomplished directly, i.e. the employee, through a third party "conduit" suing the employer for damages in excess of workmen's compensation benefits.
*484 We shall first consider the Workmen's Compensation Act in the light of its purpose, and then examine how it subjects a third party tortfeasor to liability to the employer and to the employee before proceeding to answer the certified question.
As was said in Florida Game & Fresh Water Fish Commission v. Driggers, Fla., 65 So.2d 723, "One purpose of Workmen's Compensation Act is to make available promptly medical attention, hospitalization, and compensation commensurate with injuries sustained in course of employment, and to place upon industry served, and not on society, burden of providing for injured or killed workmen and their families."
In this enlightened legislation the question of negligence, fellow servant doctrine, assumption of risk or wrong doing on the part of an employer were removed. The Act was based primarily on the social responsibility of one to another. See Protectu-Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342.
Not only did the Legislature intend to secure a workman and his family from being objects of charity, but there was also an intent that the compensation paid for injury or death would ultimately pass to the consumer in the form of higher prices for goods and services. No longer could an anti-social employer unconscionably speed production in disregard of safety, thus gaining a unit cost advantage over his competitor. No longer could the employer of a crew snaking logs afford the luxury of killing a man and merely hiring another, even if he could still kill a mule and buy another. He would be caught with an experience rating requiring increased premium for insurance, or if he rejected the act or did nothing, he would be subject to liability without the advantage of defenses allowed in an earlier harsher era.
A concurrent purpose of the act was to protect employees from hardship during the period between his injury and a trial and from attorney's fees. The employee would receive benefits as limited by the act regardless of fault, while the employer could anticipate the frequency of injuries and protect himself with insurance, the premium cost of which would be borne by his customer.
Contrary to benefits to the employer, a third party tortfeasor does not receive any benefit from the act. It subjects him to liability to the employer and to the employee. It specifically:
1. Permits the employee to sue a third party tortfeasor. F.S. 1967, § 440.39(1) F.S.A.
2. The employer is subrogated to the rights of the employee as against a third party to the extent of the compensation paid or to be paid. F.S. 1967, § 440.39(2) F.S.A.
3. If the employee recovers, the employer has a lien on the proceeds and can recover by way of equitable distribution all or a portion of the benefits conferred by the Act on the employee. F.S. 1967, § 440.39 (3) F.S.A.
4. If the employee does not within one year sue the third party tortfeasor, then the employer may sue and get back all of the benefits the employer has paid the employee. F.S. 1967, § 440.39(4) F.S.A.
It will thus be seen that the employer is given additional rights against the third party tortfeasor which he would not have had but for the Act. Did it additionally bind the third party tortfeasor by granting immunity to the employer, thus resulting in a windfall to the latter to the detriment of the former? We fail to find such intent or language in F.S. § 440.11, F.S.A. Nothing indicates that Manufacturer is or should be prohibited from seeking indemnity from Employer. It is only the employer and employee, together with those claiming in lieu of the employee who are bound by this section. Other third parties are not bound. Manufacturer does not claim in lieu of or *485 through Employee. Its claim is direct against Employer for an independent act of the latter which may result in damage to Manufacturer. The statute affects only the rights and remedies of the employer and the employee. A passive tortfeasor's direct common law right of indemnity against the active tortfeasor is not mentioned.[4] If it had been the legislative intent to abolish such right, it should have been spelled out with specificity and particularity (30 Fla. Jur., Statutes § 123).
In absence of clear legislative intent to derogate a common law right, it would ill become the judiciary to do so by construction which could result in manifest injustice.
We deem it appropriate here to mention an additional fact not included in Judge Ainsworth's statement of the case. When Employer purchased the truss roll press from Manufacturer it had on it a safety bar designed to protect the operator. For reasons known to him, Employer removed this device which was a part of the machine. The injury to Employee resulted. Employer now cannot be heard to say that his active, culpably wrong act may fall upon another, a passive wrongdoer, in the form of money damages for which he could not be liable in indemnity.
If Employee does not recover against Manufacturer, Employer will lose nothing. It may reasonably be presumed that if Employee recovers against Manufacturer with all the defenses available to the latter, that justice and right, as well as the law, are on his side. Justice, fair play, and what's right demand in such event that the Court refuse to read into the Workmen's Compensation Act that which is not there, to-wit: the immunity of an actively negligent employer to indemnify a passive third party tortfeasor. To do so would revert to one of the evils sought to be corrected; that is, the abhorrent attitude, "kill a man, hire another". We don't have to worry about the mule, for alas, that poor hybrid is but little used in modern commerce. We do, however, concern ourselves with man, and his safety at labor. We are persuaded the legislature was likewise concerned and had this as one of its purposes in enacting this social legislation.
Accordingly, we hold that the Workmen's Compensation Act does not preclude a passively negligent third party tortfeasor from being indemnified by an actively negligent employer who has made payments of compensation and medical benefits to an injured employee, in a suit for damages by such employee against the third party where it is alleged in the claim for indemnity that the employer's active negligence was primarily responsible for the injury.
This question should be answered in the affirmative.
ERVIN, C.J., and ROBERTS, THORNAL and CARLTON, JJ., concur.
NOTES
[1] Urda v. Pan American World Airways, 211 F.2d 713 (5th Cir.1954).
[2] 440.11 EXCLUSIVENESS OF LIABILITY  The liability of an employer prescribe in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *. (Emphasis Supplied)
[3] Fidelity and Casualty Co. of New York v. J.A. Jones Construction Co., 325 F.2d 605 (8th Cir.1963) Crawford v. Pope & Talbot, Inc., 206 F.2d 784 (3rd Cir.1953); Baltimore Transit Co. v. State of Maryland, 183 Md. 674, 39 A.2d 858 (1954); 2 Larson, § 76.21, Pg. 230; Smith v. Ryder Truck Rentals Inc., 182 So.2d 422 (Fla. 1966).
[4] Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932).