ROBERTS, Justice.
Petitioner, Florida Gas Company, seeks review of a decision of the District Court of Appeal, First District, 226 So.2d 115, which affirmed an adverse final summary judgment in a third party action brought by petitioner against respondent, Dickerson, Inc.
The widow of Harry A. Spaulding brought an action for alleged negligence of the Florida Gas Company which resulted in the death of her husband at a time when he was an employee of Dickerson, Inc. The complaint alleged that prior to November 3, 1967, the date of the accident, the gas company had installed and maintained a gas pipeline beneath the surface of the ground within the right of way of U. S. Highway #1 in Jacksonville, Florida. The company had been notified that there would be an expansion and improvement of certain portions of the road and that the pipeline of the gas company would have to be reinstalled so that it would be deep enough not to cause a hazard to people operating highway construction equipment. The complaint further alleged that the machine operated by the decedent *130 struck and ruptured the covered pipeline, natural gas escaped and an explosion occurred which fatally injured respondent Spaulding’s husband.
Petitioner gas company filed a third party complaint for indemnity against respondent-employer Dickerson, Inc. alleging that there was an agreement among the State Road Department, the employer Dickerson and the petitioner gas company that the pipeline would not be lowered but left where it was and would be exposed and then covered with limerock in order to dispense with the necessity of mixing the soil and stabilizing the roadbed base over the pipeline during the improvement to the road. Petitioner contends in the court below that the employer Dickerson, Inc. participated in carrying out the agreement. The petitioner further alleged active negligence on the part of the employer Dickerson, Inc. in failing to warn and protect the employee Spaulding against the danger of digging with the machine in the pipeline area.
Respondent Dickerson, Inc. answered the third party complaint and filed a motion for summary judgment raising the argument that the exclusive remedy provision of F.S. § 440.11[1] F.S.A. barred the third party action against it as the employer paying respondent Spaulding’s widow benefits under the act.
The trial court found that, “Upon the motion for summary judgment, there is no genuine material issue of fact.”, and “The view followed by the great majority of the cases is that a third person tort-feasor, who is liable for injuries to, or for the death of, a workman, is not entitled to recover contribution from the workman’s employer, notwithstanding the latter’s negligence concurred in causing the injury or death, where the employer, the employee, and the particular injury or death are covered by the provisions of a workmen’s compensation act.”, and “The workmen’s compensation act has eliminated fault as a basis for the employer’s liability, and has made the employer liable as an insuror rather than as a tort-feasor. In the absence of a contractual liability from the employer to a third party, the employer cannot be considered a joint or concurring tort-feasor.”
The trial court entered its amended judgment: “1. That the third party defendant’s motion for summary judgment, addressed to the third party complaint is hereby granted; defendant and third party plaintiff Florida Gas Company, a Florida corporation, shall take nothing by its third party complaint and suit against third party defendant Dickerson, Inc., a corporation; and said third party defendant Dickerson, Inc., a corporation, shall, as to said third party complaint and suit, go hence without day.”
Upon review the district court affirmed the trial court noting, “* * * we think as did the court below that the majority view prohibiting such actions as expressed *131 by the cases in the cited annotation reflects the better reasoned view and is in keeping with the legislative intent * * *”
In reviewing the cause sub judice, we have the benefit of the recent decision of this court rendered in Trail Builders Supply Company v. Reagan, 235 So.2d 482 (Fla.1970), (which the trial court and district court did not have) in which we considered the prime issue involved here. The question of law there presented was “whether, under the law of Florida, an employer who has made payments of compensation and medical benefits to an injured employee under the Florida Workmen’s Compensation Act may also be liable for indemnity to a passively negligent third party tortfeasor, who has been sued for damages by the injured employee, where it is alleged in the claim for indemnity that the employer’s active negligence was primarily responsible for the injury, but the employer has invoked the exclusive remedy provisions of the Act.” In answer this court stated, “* * * we hold that the Workmen’s Compensation Act does not preclude a passively negligent third party tortfeasor from being indemnified by an actively negligent employer who has made payments of compensation and medical benefits to an injured employee, in a suit for damages by such employee against the third party where it is alleged in the claim for indemnity that the employer’s active negligence was primarily responsible for the injury.”
The cause under review is controlled by the opinion in Trail Builders Supply Company v. Reagan, supra, so conflict being evident, the petition for writ of certiorari is granted, the decision of the district court is quashed with directions to vacate the summary judgment and remand for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, C. J., and CARLTON, ADKINS and BOYD, JJ., concur.

. F.S. § 440.11 F.S.A. Exclusiveness of liability — The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or bis legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.