310 So.2d 4 (1975)
SUNSPAN ENGINEERING AND CONSTRUCTION COMPANY, Petitioner,
v.
SPRING-LOCK SCAFFOLDING COMPANY and Spring-Lock Scaffolding of Florida, Inc. and Ike M. Hayden and Threesla A. Hayden, His Wife, Respondents.
No. 44899.
Supreme Court of Florida.
January 29, 1975.
Rehearing Denied April 7, 1975.
*5 Gary H. Rushmer, Akerman, Senterfitt, Eidson & Wharton, Orlando, for petitioner.
Lawrence M. Watson, Jr., and Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, for respondents.
ERVIN (Retired), Justice.
We consider a petition for writ of certiorari to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to review that court's interlocutory order in this case.
The interlocutory order held unconstitutional Section 440.11(1), F.S. 1972, insofar as it was sought to be applied in this case to preclude a third party plaintiff, an alleged tort-feasor of an injured employee covered by workmen's compensation insurance, from right of access to the courts to maintain a common law tort action against employer for being violative of Article I, Section 21, Florida Constitution, F.S.A., and insofar as it violates such third party plaintiff's rights to equal protection of the laws guaranteed by Article I, Section 2, Florida Constitution, and Amendment XIV, Sections 1 and 2, United States Constitution.
Section 440.11(1), F.S. to the extent involved herein was enacted by the Legislature as Chapter 71-190 and became law July 19, 1971. It was obviously enacted to abrogate the effect of this Court's decision in Trail Builders Supply Co. v. Reagan (Fla. 1970), 235 So.2d 482.
In essence, Chapter 71-190 amended existing Section 440.11, F.S. to provide:
"that the liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee ... and anyone otherwise entitled to recover damages from such employer ... on account of such injury or death . .."
The salient facts in this case are briefly as follows: Respondent Ike M. Hayden, employee of Sunspan Engineering and Construction Company, brought an action against Respondents Spring-Lock Scaffolding Company and Spring-Lock Scaffolding of Florida, Inc., as alleged third party tort-feasors to recover damages for personal injuries sustained when a platform board fell from a scaffolding tower which had been leased to Hayden's employer, Petitioner Sunspan Engineering and Construction Company (the construction contractor on the job where Hayden was employed) by Respondent Spring-Lock Scaffolding of Florida, Inc. Hayden alleged the scaffolding tower had been negligently manufactured by Respondent Spring-Lock Scaffolding Company, a foreign corporation.
After Hayden filed his action against the alleged third party tort-feasors, they, as defendants, filed in the action a third party complaint against Hayden's employer, Sunspan Engineering and Construction Company, alleging that Sunspan is or may be liable to Spring-Lock for all or part of Hayden's claim for the negligent construction or operation of the scaffolding tower.
Sunspan moved to dismiss the third party complaint on the ground that Section *6 440.11(1), F.S. precluded suit by a third party tort-feasor against an employer complying with the statutory provisions on workmen's compensation for injuries sustained by an employee in the course of his employment. After hearing thereon, the circuit court denied the motion and ruled the statute unconstitutional and entered his record proper interlocutory order to that effect, i.e., the order under review herein.
Since the trial court's interlocutory order passed upon the constitutionality of Section 440.11(1), F.S. it is reviewable here by certiorari and we exercised our discretion to issue the writ. See Article V, Section 3(b)(3), Florida Constitution, as construed in Burnsed v. Seaboard Coast Line Railroad Company (Fla.), 290 So.2d 13.
It is our view we should sustain the interlocutory order and hold the statute, Section 440.11(1), F.S., unconstitutional as applied in this case.
The trial court's order specifically reads as follows:
"1. Section 440.11 Fla.Stats. (1972) and the, `no contribution among joint tort-feasors' rule of Florida have no bearing on Counts I and II of the Third Party Complaint since those counts sound in contract. All other grounds for dismissing Counts I and II are without merit.
"2. As to Count III, this Court specifically finds:
a. Section 440.11 Fla.Stats. (1972) is unconstitutional insofar as it precludes Third Party Plaintiff from its right to access to the Courts and insofar as it abrogates Third Party Plaintiff's common law right of action against Third Party Defendant, all in violation of Art. I § 21, Fla. Const. Section 440.11 is also unconstitutional insofar as it violates Third Party Plaintiff's right to equal protection of the laws guaranteed by Art. I § 2 Fla. Const. and amend. XIV & 1 U.S. Const.
b. The `no contribution among joint tortfeasors' rule of Florida is no longer valid.
"3. All other grounds for Third Party Defendant's Motion to Dismiss are without merit.
"4. Third Party Defendant's Motion to Dismiss the Third Party Complaint is denied. Third Party Defendant shall have 20 days in which to file its responsive pleadings."
We agree with respondents that in this review only paragraph 2a concerning Count III in the interlocutory order alleging negligence of the employer in the falling of the board from the scaffold tower can be considered. Paragraphs 1 and 2b of the order do not purport to pass upon the validity of a Florida statute as does paragraph 2a, and afford no basis for certiorari review thereof under the Constitution.
Going directly to a review of paragraph 2a of the interlocutory order, we first call attention to the fact that prior to the enactment of Ch. 71-190 amending Section 440.11, F.S., this Court in Trail Builders Supply Co. v. Reagan, supra, had held that a third party tort-feasor does not receive any benefit from the Workmen's Compensation Act. It subjects him to liability to employer and to the employee. As held in that decision, the Act permits the employee to sue a third party tort-feasor. The employer is subrogated to the rights of the employee as against a third party tort-feasor to the extent of compensation benefits payable to the employee. The employer has a lien on any proceeds recovered by the employee from the tort-feasor which are equitably distributed. If employee does not sue the tort-feasor within one year, employer may sue.
Taking into account those rights of the employer against the third party tort-feasor provided by the Act, this Court concluded in Trail Builders that only the employee covered by workmen's compensation, but not the tort-feasor, was precluded *7 from suing the employer because of the employee's injury in a compensable industrial accident. Trail Builders was reaffirmed by us in Florida Gas Company v. Spaulding (Fla. 1970), 243 So.2d 129.
Without reciprocally taking away these rights of the employee or the employer to sue the third party tort-feasor, the Legislature, within seven months after the Spaulding decision by its enactment of Ch 71-190, purported to abrogate this Court's holdings in Trail Builders and Spaulding.
It is our view that this amendatory statute is unconstitutional as applied to the situation in this case and we affirm the Circuit Court.
In support of our view, we first refer to Article I, § 21, Florida Constitution, which provides access for every person to the courts "for redress of any injury."
Construing this provision of the Constitution in the recent case of Kluger v. White (Fla. 1973), 281 So.2d 1, concerning the validity of a portion of the state's "no-fault" insurance law (the Automobile Reparations Reform Law  F.S. § 627.738), we held that where a right of access to the courts for redress of a particular injury has been provided by statute or the common law predating Article I, § 21 of the Constitution
"the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown."
Counts I and II of Respondent Spring-Lock Scaffolding companies third party complaint are based on a contract theory, while Count III has its foundation in tort concepts. Both have their origins in the common law. See, Prosser, Law of Torts (32d Ed. 1964) § 7. Third party actions are a recent procedural mechanism to settle all related rights and liabilities in pertinent litigation at one time.
With the foregoing considerations in mind, it is obvious the Legislature's enactment of Ch. 71-190 is an aberrant departure from recognized concepts and procedures abrogating Respondents' day in court without providing for them any reasonable alternative.
The employer and employee are authorized by law to sue the third party tort-feasor for alleged tort but unequally and unreciprocally the tort-feasor is precluded from suing in turn in a third party action the employer who may be primarily liable instead of the tort-feasor for the employee's industrial accident.
The Workmen's Compensation Act still provides the benefits of recovery from the tort-feasor to the employer noted in the Trail Builders decision in return for the employer's acceptance of the Act's burdens. The employer is still subrogated to the rights of the employee as against the tort-feasor to the extent of compensation payable and still has a lien on the recovery from the tort-feasor. But in contrast the third party because of Ch. 71-190 now has no alternative  no reciprocal right of action against the employer. The third party suffers the burdens and restrictions of the Act, while the employer receives a windfall which Trail Builders says he should not.
No overpowering or compelling necessity as required by Kluger is shown for the abolishment of the third party's reciprocal right to sue an employer in a proper case. As between the employee and employer the Workmen's Compensation Act's provisions precluding a suit between them serves the expeditious purpose of securing wage compensation and medical payments without the incurring of expense and delay in determining fault as between the employee and employer. A secondary purpose of the Act allows employer to spread his risks and pass employee accident losses to his customers as part of his cost of business. But in abolishing the third party's right to *8 sue while still allowing him to be sued does not further or expedite the objectives of the Act. He receives no alternative benefits but is shorn of his common law right to sue the employer. Ch. 71-190 as applied in this case is an arbitrary and capricious innovation without any rational basis furthering any overpowering public necessity and is therefore contrary to Article I, § 21, Florida Constitution.
All persons are presumably equal before the law and have certain inalienable rights guaranteed by the United States Constitution, i.e., Art. I, § 2 and Amendment XIV, § 1. Specifically, it has been held that a vested cause of action, or "chose in action" is personal property entitled to protection from arbitrary laws. Pritchard v. Norton (1882), 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104; Ross v. Gore (Fla. 1950), 48 So.2d 412; State ex rel. Vars v. Knott (1938), 135 Fla. 206, 184 So. 752.
The arbitrary classification of F.S. § 440.11(1) falls only on those third persons who may supply, sell to, manufacture for, or otherwise deal with workmen's compensation employers who are involved in workmen's compensation accidents. Third party tort-feasors in such classification are excluded by § 440.11(1) from seeking indemnity against an employer where the employee is injured in an industrial accident. The Act provides a one-way street for employer.
We do not undertake in this review of the interlocutory order to pass upon questions falling outside the scope of the order's treatment of Count III. Our holding does not directly touch upon whether Florida Statute § 440.11(1) precludes a third party tort-feasor from bringing an action for indemnification upon a contractual theory of liability nor do we pass upon the general question whether the rule "no contribution among joint tort-feasors" is any longer valid in Florida.
Our opinion is limited to a holding that the alleged liability of the employer to the Respondents is not barred by F.S. § 440.11(1) because we agree that the statute is unconstitutional as applied to Count III of the third party cause of action. It is our view, as earlier expressed, that the other issues and questions of law covered by the interlocutory order are not directly involved in this certiorari review and therefore judicial restraint dictates that we leave them open for the trial court to resolve on remand without interposition on our part, except to the extent the rationale or penumbral effect of our decision herein consequentially may have impact upon these collateral problems.
The foregoing considered, the writ of certiorari issued herein is hereby discharged.
It is so ordered.
ADKINS, C.J., ROBERTS and DEKLE, JJ., and SIEGENDORF, Circuit Judge, concur.
BOYD and OVERTON, JJ., dissent.