360 So.2d 1112 (1978)
HOME INDEMNITY COMPANY et al., Appellants,
v.
Eddie EDWARDS, Sr., Etc., Appellees.
No. EE-55.
District Court of Appeal of Florida, First District.
July 10, 1978.
Rehearing Denied August 9, 1978.
*1113 S. William Fuller, Jr., of Howell, Howell, Liles & Braddock, Jacksonville, for appellants.
Robert C. Kent, James T. Terrell, John C. Taylor, Jr., Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court, Duval County, granting final summary judgment in favor of third party defendant, Houdaille Industries, Inc., as to Count I and II,[1] and dismissing Count III for failure to state a cause of action.
The two questions presented are: First, whether a manufacturer of a product who is sued for breach of warranty by one injured by the product may bring a third party suit for indemnity against the employer of the injured party. Second, whether the third party complaint and the evidence before the court in this case are sufficient to withstand the employer's motions for dismissal and summary judgment.
The first question has been answered in the affirmative by the Supreme Court in Sunspan Engineering and Construction Company v. Spring-Lock Scaffolding Company, 310 So.2d 4 (Fla. 1975); Trail Builders Supply Company v. Reagan, 235 So.2d 482 (Fla. 1970) and Florida Gas Company v. Spaulding, 243 So.2d 129 (Fla. 1970). The recent decision of the Supreme Court in Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427, Cases # 51,649 & # 51,650, Opinion filed March 30, 1978, restates the distinctions between contribution and indemnity and, as to the latter, holds that an active tortfeasor whose operation of a train caused the accident has no right to indemnification against an employer for damages paid to an injured employee even though the negligence of the employer was willful or wanton.
In this case, the employer argues that a manufacturer is, by definition, guilty of active negligence, a contention which would preclude actions for indemnity by any manufacturer. We find that contention untenable since the Sunspan Engineering and Trail Builders cases, supra, both involve manufacturers and in both the third party complaints for indemnity against employers were allowed. In Sunspan Engineering, the employee was injured on the job when a platform board fell from a scaffolding tower which was manufactured by the third party plaintiff, Spring-Lock Scaffolding Company. The employees sued the manufacturer and the manufacturer filed a third party complaint against the employer. The Supreme Court, expressly limiting its consideration to the negligence count of the complaint, stated that the cause of action existed against the third party defendant. In the Trail Builders Supply Company case, the employee was injured when he was drawn into a truss roll press being operated without an appropriate safety device. He instituted suit against the manufacturer alleging negligence in the construction of the machine. The manufacturer's third party complaint against the employer for indemnity alleged that the employer had ignored safety regulations by making certain safety devices ineffective and had thus caused the employee's injury. The Supreme *1114 Court ruled that the allegedly negligent manufacturer could sue the employer for indemnity, stating that "justice, fair play and what's right" demand that an actively negligent employer be called on to indemnify a passive third party tortfeasor. (235 So.2d at 485)
This brings us to the second of the two questions presented here, which is the sufficiency of the complaint, and the evidence of record before the court, to withstand the employer's motions for dismissal and summary judgment. In the instant case, the evidence before the court on motion for summary judgment establishes that the employer, Houdaille, manufactures reinforced concrete beams using steel wire cable manufactured by the third party plaintiff, Florida Wire and Cable Company. During the manufacture of the beams by the employer, the steel cable is stretched through a large mold into which concrete is poured. The cables are placed under tension using hydraulic jacks and mechanical devices known as "strand chucks", metal barrels which enclose "keepers" with metal teeth that bite into and hold the wire cable during the tensioning process. The plaintiff/employee was killed while attempting to free a strand chuck that had been used to hold tension on the cable. There was evidence that additional tension, more than that specified for the strand in question, was applied in order to free the chuck, and either the jack or the strand snapped forward, striking the employee and causing fatal injuries. Material questions of fact exist as to the cause of the accident.
The complaint in the main action alleges breach of implied warranty in the manufacture of the wire cable which snapped. Breach of warranty is a species of liability which may, or may not, involve actual fault or active negligence on the part of the manufacturer. 28 Florida Jurisprudence, Sales § 157 and cases cited therein.
The third party complaint, Count I, alleges that the employer was actively negligent and specifically, inter alia, that the employer in its conduct of the detensioning process which caused the wire to break, improperly inserted the strand chuck in the jack and improperly installed the jack to the strand, resulting in misalignment of the jack. Evidence before the court on motion for summary judgment was that stress was applied which exceeded the warranty limits of the cable in question. The amendment to the third party complaint, Count III, alleged that the employer knew that the procedures being used for tensioning and detensioning the wire were improper and dangerous because of the number of mishaps that had occurred on the very morning of the accident in question.
The pleadings and depositions before the court, taken in the light most favorable to the non-moving party, create a material issue of fact as to whether the employer was guilty of negligence in the form of misuse of the product manufactured by the third party plaintiff which was the cause of the accident.
In the Seaboard Coast Line Railroad Company v. Smith case, supra, the Supreme Court stated the test for indemnity as:
"Indemnity  or the right to assert it  is founded on express or implied contract, upon the breach of some duty owed the party seeking indemnity by the underwriter or upon the character of the conduct as between the two ..."
In the instant case, the allegations of the third party complaint are such as to entitle the manufacturer of the product to indemnity against the party who has, through active misuse of that product, caused injuries to a party and thereby subjected the manufacturer to suit resulting in (1) possible damages to the injured party and (2) cost of defending the main action. Pender v. Skillcraft, 358 So.2d 45, Opinion filed April 10, 1978 (Fla. 4th DCA). The third party suit for indemnity for damages, if any, and costs eliminates the need for a subsequent separate action in the event the jury resolves the disputed issues of fact in a way favorable to the manufacturer.
In Florida Power Company v. Taylor, 332 So.2d 687 (2nd DCA 1976), the court held that summary judgment was improperly *1115 granted against the third party plaintiff, the power company, in its suit for indemnity against the employer of the workman killed by contact with the power company's line. The complaint in the main action in that case alleged that the power company was negligent in maintaining uninsulated power lines so close to the ground and, having actual or constructive knowledge of construction activities in the area, was negligent in failing to warn the employee of the danger of bringing objects into contact with those wires.
The third party complaint alleged that the employer was actively negligent in elevating the road under the power line. The court found that material issues of fact existed as to the passive/active nature of the power company's negligence, if any, which precluded summary judgment, on the third party complaint, stating in part:
"We are not necessarily holding that the allegations of Paragraph 5, quoted above, are sufficient to hold Florida Power Company liable to the plaintiff under the circumstances of this case. Rather, we hold only that some allegations in the complaint give rise to inferences that Florida Power's negligence, if any, could have been passive only. In any event, this possibility has not been conclusively eliminated by the proof submitted to the trial judge. Therefore, it was improper to grant summary judgment against Florida Power on its third party complaint ..."
It is settled that a third party plaintiff seeking indemnity is not bound by the characterization of its negligence by the plaintiff in the main suit, but is entitled to allege, and to prove, that its negligence, if any, was passive or secondary. Central Truck Lines, Inc. v. White Motor Corporation, 316 So.2d 579 (3d DCA 1975); Seaboard Coast Line Railroad v. Brown, 297 So.2d 843 (2nd DCA 1974); Bodin Apparel v. Superior Steam Service, 328 So.2d 533 (3d DCA 1976); INA v. King, 340 So.2d 1175 (4th DCA 1976). In the INA v. King, case, the court, in an opinion by Judge Alderman, stated:
"... We conclude that it is an indemnitee's actual wrongdoing or lack of it, rather than allegations of wrongdoing, which determine the indemnitee's rights. A plaintiff should not be able to arbitrarily deprive a defendant of his right to indemnification from a third party by alleging that he was actively negligent when in fact that defendant is found not to have been actively negligent."
The allegations of the main complaint in this case do not, as appellee contends, preclude the third party suit for indemnity. Manufacturers of allegedly defective products were held to be entitled to claim indemnity in the Supreme Court decisions in Sunspan and Trail Builders, supra. The intent and purpose of third party practice is to allow disposition of such interrelated claims in one action thereby avoiding multiplicity of suit. In this case, material issues of fact admittedly exist in the main suit regarding the manner in which the accident occurred. Summary judgment should not be granted on the third party suit for indemnity unless no version of the facts could support the indemnity claimed. This is the rule governing the granting of summary judgment on complaints, and it applies equally to third party complaints. Florida Power v. Taylor, supra.
Accordingly, the judgment below is REVERSED and the cause REMANDED for further proceedings consistent herewith.
ERVIN, Acting C.J., and MELVIN, J., concur.
NOTES
[1] Appellant does not contest the summary judgment entered as to Count II seeking contribution.