RYDER, Judge.
Appellants/third party plaintiffs Commercial Union Insurance Company and Otis Elevator Company appeal the entry of final summary judgment against them and in favor of appellee/third party defendant Bayfront Medical Center on the third party complaint for indemnity and contribution. We affirm in part and reverse in part.
We affirm the summary judgment for appellee/third party defendant on Count II which sought contribution pursuant to Section 768.31, Florida Statutes (1975). See Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427 (Fla.1978); Armor Elevator Company, Inc. v. Elevator Sales & Service, Inc., 360 So.2d 1129 (Fla. 3d DCA 1978).
We reverse the summary judgment for appellee/third party defendant on Count I which sought indemnity on the theory that appellee Bayfront was an active tort feasor, whereas appellant Otis’ negligence, if any, was passive. It is axiomatic that on motion for summary judgment, the burden of proof is on the moving party to show the absence of any genuine issue of material fact, and all doubts and inferences must be resolved against the movant. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Booth v. Mary Carter Paint Company, 182 So.2d 292 (Fla. 2d DCA 1966). In third party suits for indemnity, summary judgments should not be granted for the third party defendant unless no version of the facts could support the indemnity claimed. Home Indemnity Company v. Edwards, 360 So.2d 1112 (Fla. 1st DCA 1978).
The record herein clearly reveals the existence of issues of material fact regarding the active or passive nature of the negligence of the parties, and the trial court thus erred in its entry of summary judgment on the indemnity count. These questions of fact should be resolved by the jury as trier of fact and not by the court on summary judgment. Home Indemnity Company v. Edwards, supra; Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976).
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND this cause for further proceedings consistent herewith.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.