MILLS, Judge.
This case arises from the same tragic accident described in Blocker v. Wynn, 425 So.2d 166 (Fla. 1st DCA, 1983). Following his unsuccessful attempt to have the jury assess relative fault between Blocker and Chance Hauling and Paving Company, Wynn’s employer, Blocker filed a contribution action. The trial court granted summary judgment for defendants based on Section 440.11, Florida Statutes (1981). We affirm.
*71 As recognized by the trial court and all the parties, Section 440.11 applies and its constitutionality was upheld in Seaboard Coast Line Railroad Company v. Smith, 359 So.2d 427 (Fla.1978).
Blocker argues, based on Sunspan Engineering and Construction Company v. Spring-Lock Scaffolding Company, 310 So.2d 4 (Fla.1975), that the statute is unconstitutional as applied. Smith, however, creates a distinction between indemnity and contribution actions. Sunspan has been described as an indemnity case, Houdaille Ind. v. Edwards, 374 So.2d 490 (Fla.1979); Walker & LaBerge v. Halligan, 344 So.2d 239 (Fla.1977). The case before us is one for contribution, not indemnity. We, therefore, agree with the trial court that Smith and not Sunspan is the controlling decision.
AFFIRMED.
ERVIN, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.