902 So.2d 966 (2005)
REGIS INSURANCE COMPANY, as subrogee of The Residences of Sawgrass Mills Community Association, Inc., Appellant,
v.
MIAMI MANAGEMENT, INC., Appellee.
No. 4D04-1265.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
David B. Pakula of David B. Pakula, P.A., Pembroke Pines, and Thomas J. *967 Morgan, P.A., Coconut Grove, for appellant.
Gary A. Esler of Esler & Lindie, P.A., Fort Lauderdale, for appellee.
HAZOURI, J.
Regis Insurance Company (Regis) as subrogee of The Residences of Sawgrass Mills Community Association (The Residences),[1] appeals the dismissal with prejudice of its Fourth Amended Third-Party Complaint against Miami Management, Inc. (MMI) and a final judgment in favor of MMI entered upon the order dismissing the Fourth Amended Third-Party Complaint with prejudice. We reverse.
The Fourth Amended Third-Party Complaint sought indemnification or contribution from MMI based upon the settlement of a wrongful death action in which Regis's insured, The Residences, was sued for negligence. The facts underlying the tort action which give rise to this dispute between Regis and MMI are as follows:
Angela Foster died in an automobile accident after Andre Wayne Chung lost control of his vehicle while driving through a puddle of standing water. Chung crossed the roadway's median and collided head on with Angela's vehicle. Beverly Foster ("Foster") filed suit against Chung and a number of other defendants, including Miami Management, alleging, in part, that the negligent construction and maintenance of the median and irrigation system caused water to accumulate on the roadway, creating a hazardous condition, and that the roadway itself was negligently constructed, designed, and maintained.
Foster v. Chung, 743 So.2d 144, 145 (Fla. 4th DCA 1999).
Regis settled the underlying tort claim with Foster and now seeks a monetary payment from MMI alleging that MMI negligently maintained the irrigation system causing the accident.[2] MMI asserts that Regis cannot seek recovery against it because it is an additional insured pursuant to Regis's insurance policy with The Residences. If MMI is also an insured under the Regis policy, Regis is barred from seeking indemnification from MMI. See Marina Del Americana, Inc. v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976).
The insurance policy[3] between Regis and The Residences defined "insured" as "any person or organization qualifying as an insured in the `Persons insured' provision of the applicable insurance coverage." The "Persons insured" section of the contract includes in section (d) "any person (other than an employee of the named insured) or organization while acting as a real estate manager for the named insured." Part B of the insurance contract lists in item one, under name of the insured, The Residences, care of Miami Management, attention Guillermo Cancio-Beuo, President.
There were two contracts between The Residences and MMI, both of which were executed on the same day. One contract retained MMI to perform management services for The Residences (Management Contract). Included in the Management Contract is a clause which reads "[t]he Manager shall arrange for the supervision of maintenance of the common areas, improvements, and equipment of the Association." *968 The second contract is a contract to perform lawn services, detail work, irrigation, and fountain services (Lawn Services Contract). In paragraph 5 of the Fourth Amended Third-Party Complaint, it is alleged:
At all times material hereto, MMI had a contract with THE RESIDENCES to maintain the median and/or maintain and operate the irrigation and sprinkling system in the median, in the area of the decedent, ANGELA FOSTER's, accident (hereinafter, said contract is referred to as "the maintenance contract"). A Copy of the maintenance contract is attached as exhibit "B".
The Lawn Services Contract was the only contract attached to the Fourth Amended Third-Party Complaint.
A motion to dismiss tests whether the plaintiff has stated a cause of action. See Bell v. Indian River Mem'l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001). Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal under the de novo standard of review. Bell, 778 So.2d at 1032. When determining the merits of a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true, with all reasonable inferences drawn in favor of the pleader. See Taylor v. City of Riviera Beach, 801 So.2d 259, 262 (Fla. 4th DCA 2001), rev. denied, 821 So.2d 293 (Fla.2002).
Regis argues that MMI was not acting as a real estate manager at the time it committed the conduct which is alleged to have given rise to its liability in the Foster case, but instead any liability attributed to MMI is the result of the negligent performance of the Lawn Services Contract. Regis argues the trial court's determination that MMI was an additional insured, where the policy requires the organization, i.e., MMI, be acting as a real estate manager, included a mixed question of law and fact which is not appropriate at the motion to dismiss stage. We agree. We also find no merit to MMI's assertions that Regis's claims for indemnity or contribution are time barred.
Reversed and Remanded for further proceedings consistent with this opinion.
GUNTHER and POLEN, JJ., concur.
NOTES
[1] Regis is the liability insurer for the homeowners' association.
[2] Regis paid Foster's estate $670,000 and in return obtained a release for both The Residences and MMI.
[3] The insurance policy was attached to the Fourth Amended Third-Party Complaint as an exhibit.