DAMOORGIAN, J.
 

 Zeiger Crane Rentals, Inc. and Carl Jar-rell (collectively “the Appellants”) appeal the trial court’s order granting Double A Industries, Inc.’s motion to dismiss and the final summary judgment in favor of P.F. Construction, Inc. We reverse the portion of the trial court’s order dismissing Count III of the Appellants’ complaint, the breach of contract claim against Double A. We affirm all other portions of both orders.
 

 Double A was hired by a property developer as a general contractor to construct a single-family residence in Palm Beach County. Double A hired P.F. Construction as a subcontractor to provide labor for the construction of the residence. As part of the construction process, Double A entered into a contract with Zeiger to lease a crane and a crane operator, Carl Jarrell, for work on the residence.
 

 
 *910
 
 On May 2, 2006, Javier Torres-Palacio, an employee of P.F. Construction, was injured at the work site. Torres-Palacio and his wife, Dolores Morales (“the Plaintiffs”), filed a complaint, and subsequently two amended complaints, against the Appellants. In the Second Amended Complaint, the Plaintiffs allege that Torres-Palacio was employed by P.F. Construction on a construction project in which Double A was the general contractor and P.F. Construction was one of Double A’s subcontractors. Double A leased a crane from Zeiger to work at the construction project and Zeiger supplied Jarrell as the crane operator at the project. Torres-Palacio was standing on beams on the roof of the home, which was under construction, when he was hit by a large truss that was being lifted onto the roof by Zeiger’s crane, operated by Jarrell. Torres-Pala-cio fell to the ground and was injured. Torres-Palacio’s accident occurred while Torres-Palacio, P.F. Construction, Double A, Zeiger, and Jarrell were working on a common construction project. The Plaintiffs allege that Zeiger and Jarrell were grossly negligent and acted in willful, wanton, and reckless disregard for Torres-Palacio’s health and safety.
 

 The Appellants filed a third-party complaint against Double A and P.F. Construction alleging common law indemnity, contribution, and breach of contract against each of the third-party defendants.
 

 Thereafter, Double A filed a motion to dismiss the third-party complaint for failure to state a claim. After a hearing, the trial court granted the motion with respect to all three claims against Double A. P.F. Construction subsequently filed a motion for summary judgment expressly incorporating Double A’s motion to dismiss. P.F. Construction urged the trial court to grant its motion for summary judgment because “[i]f Double A Industries is entitled to dismissal under these circumstances, then
 
 a fortiorari
 
 P.F. Construction, as the plaintiffs employer, is entitled to dismissal as well.” After conducting a hearing on the matter, the trial court issued a final summary judgment in favor of P.F. Construction with respect to all three of the Appellants’ claims. Zeiger and Jarrell now appeal the trial court’s order of dismissal and final order granting summary judgment.
 

 The Motion to Dismiss
 

 The standard for reviewing a trial court’s order granting a motion to dismiss is de novo.
 
 Regis Ins. Co. v. Miami Mgmt., Inc.,
 
 902 So.2d 966, 968 (Fla. 4th DCA 2005). “A motion to dismiss tests whether the plaintiff has stated a cause of action.... When determining the merits of a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true, with all reasonable inferences drawn in favor of the pleader.”
 
 Id.
 
 (citations omitted).
 

 Although we find that the Appellants stated a claim for common law indemnity against Double A, we affirm the order dismissing this claim because it is precluded by the pleading and proof requirements in section 440.10(l)(e), Florida Statutes (2007), which is part of Florida’s Workers’ Compensation Act. The interplay between common law indemnity and this section of the Workers’ Compensation Act is an issue of first impression for this court.
 

 Florida’s Workers’ Compensation Act is intended to provide a “quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” § 440.015, Fla. Stat. (2007). In exchange for strict liability and quick distribution of benefits, the worker gives up the right to pursue a common law negli
 
 *911
 
 gence action against his or her employer.
 
 Turner v. PCR, Inc.,
 
 754 So.2d 683, 686 (Fla.2000). The Florida Legislature has provided limited exceptions to the workers’ compensation scheme.
 
 See, e.g.,
 
 § 440.11(l)(b), Fla. Stat. (2007) (the intentional tort exception). One of those exceptions is embodied in section 440.10(l)(e), Florida Statutes, which provides horizontal immunity for certain subcontractors, as follows:
 

 A subcontractor providing services in conjunction with a contractor on the same project or contract work is not liable for the payment of compensation to the employees of another subcontractor or the contractor on such contract work and is protected by the exclusiveness-of-liability provisions of s. 440.11 from any action at law or in admiralty on account of injury to an employee of another subcontractor, or of the contractor, provided that:
 

 1. The subcontractor has secured workers’ compensation insurance for its employees or the contractor has secured such insurance on behalf of the subcontractor and its employees in accordance with paragraph (b); and
 

 2. The subcontractor’s
 
 own,
 
 gross negligence was not the major contributing cause of the injury.
 

 (emphasis added). By using the word “own,” we believe that the Florida Legislature meant to allow a claim against a same-project subcontractor only where the subcontractor’s
 
 direct
 
 gross negligence was the major contributing cause of the plaintiffs injury.
 

 Accordingly, in order for the Plaintiffs to successfully pursue a claim against Zeiger or Jarrell, a same-project subcontractor and its employee, they have to plead and prove that Zeiger’s or Jarrell’s
 
 own
 
 gross negligence was the major contributing cause of Torres-Palacio’s injury. If the Plaintiffs cannot meet this burden of proof, then the Appellants are protected by the exclusiveness-of-liability provision in section 440.11(1), Florida Statutes, which states that an employer’s liability under the Workers’ Compensation Act is “exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee.... ”
 

 Common law indemnity “shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.”
 
 Houdaille Indus., Inc. v. Edwards,
 
 374 So.2d 490, 493 (Fla.1979). “A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault.”
 
 Id.
 
 In order for a common law indemnity claim to stand, a two-pronged test must be satisfied: (1) the indemnitee must be faultless and (2) the indemnitee’s liability must be solely vicarious for the wrongdoing of another.
 
 Gen. Portland Land Dev. Co. v. Stevens,
 
 395 So.2d 1296, 1299 (Fla. 4th DCA 1981) (discussing
 
 Houdaille,
 
 374 So.2d 490).
 

 We conclude that it is a legal impossibility for a gross negligence claim under section 440.10(l)(e), Florida Statutes and a common law indemnity claim to be simultaneously successful because each claim requires proof of fault that cannot co-exist with the other claim’s requirement. If a plaintiff is able to prove that the same-project subcontractor’s
 
 own
 
 gross negligence is the major contributing cause of his injury, then the subcontractor’s direct fault will preclude its recovery in the common law indemnity claim.
 
 See Houdaille,
 
 374 So.2d at 493. Conversely,
 
 *912
 
 if the subcontractor is able to prove that a third-party is wholly at fault for the plaintiffs injury, thus satisfying the requirement for common law indemnity, the plaintiff will not succeed in his claim under section 440.10(l)(e), Florida Statutes because the subcontractor’s
 
 own
 
 gross negligence is not the major contributing cause of his injury.
 

 This case is analogous to
 
 Houdaille.
 
 There, an employee was killed at his workplace when a steel wire cable broke.
 
 Id.
 
 at 492. His employer, Houdaille Industries, paid workmen’s compensation benefits to his survivors.
 
 Id.
 
 The survivors, in turn, sued the manufacturer of the cable, Florida Wire and Cable Co., alleging that Florida Wire had breached its implied warranty of fitness and that this breach was the direct and proximate cause of the employee’s death.
 
 Id.
 
 Florida Wire filed a third-party complaint against Houdaille seeking common law indemnification.
 
 Id.
 
 It alleged that Houdaille’s active negligence caused the employee’s death, and that its negligence, if any, was passive.
 
 Id.
 
 The Florida Supreme Court held that the “traditional principles of indemnity” precluded Florida Wire from recovering from Houd-aille in its common law indemnity claim because there was no basis to impute negligence on the part of Houdaille to Florida Wire.
 
 Id.
 
 at 493. Thus, Florida Wire could be held liable for the employee’s death only if it was directly at fault.
 
 Id.
 
 The Court noted that Florida Wire’s claim that Houdaille’s negligence was the sole cause of the employee’s death was a complete defense to the original action.
 
 Id.
 

 Following the analysis in
 
 Houd-aille,
 
 we hold that the trial court properly dismissed the Appellants’ claim for common law indemnity because that claim is precluded by the pleading requirements in section 440.10(l)(e), Florida Statutes. The Appellants can achieve the same result by claiming, as a complete defense, that Double A is wholly at fault for Torres-Pala-cio’s injury.
 
 See id.
 
 If the Appellants are able to prove this defense, it will defeat the Plaintiffs’ claim and avoid liability. If the Appellants are not able to prove this defense, any claim of common law indemnity would have been unsuccessful and, thus, unnecessary. This outcome does not require the resolution of any factual disputes. To the contrary, we are merely identifying that there is no viable cause of action for third-party common law indemnity where the original action is brought under section 440.10(l)(e), Florida Statutes.
 
 [1]
 

 Contrary to the Appellants’ argument, our decision does not conflict with the Florida Supreme Court’s decisions in
 
 Trail Builders Supply Co. v. Reagan,
 
 235 So.2d 482 (Fla.1970) and
 
 Sunspan Engineering & Construction Co. v. Spring-Lock Scaffolding Co.,
 
 310 So.2d 4 (Fla.1975). In both cases, the plaintiff (an employee) sustained injuries from a machine or materials used on the job site, and sued the manufacturer of that machine or those materials.
 
 Trail Builders,
 
 235 So.2d at 482;
 
 Sunspan,
 
 310 So.2d at 5. In turn, the manufacturer sued the plaintiffs employer for common law indemnity.
 
 Trail Builders,
 
 235 So.2d at 483;
 
 Sunspan,
 
 310 So.2d at 5. The employer argued that it was protected by the exclusiveness-of-liability provision in the Workers’ Compensation Act.
 
 Trail Builders,
 
 235 So.2d at 483;
 
 Sunspan,
 
 310 So.2d at 5-6. The Florida Supreme Court held that nothing in the Workers’ Compensation Act precludes a passively negligent third-party tortfeasor
 
 *913
 
 from suing an actively negligent employer for common law indemnity.
 
 Trail Build
 
 ers, 235 So.2d at 485;
 
 Sunspan,
 
 310 So.2d at 8. The Court was concerned with the inequities that would arise by removing the third-party tortfeasor’s cause of action for common law indemnity against the employer without providing that tortfeasor with any benefit from the Workers’ Compensation Act in return.
 
 Trail Builders,
 
 235 So.2d at 484-85;
 
 Sunspan,
 
 310 So.2d at 7-8.
 

 However, “it is clear that Sunspan and Trail Builders stand only for the proposition that the immunity of the workmen’s compensation statute does not protect against an indemnity action so long as such-an action is
 
 viable in the first place.” Houdaille,
 
 374 So.2d 490, 494 n. 4 (emphasis added). Here, the Appellants’ common law indemnity claim was not viable in the first place, so the action was properly dismissed.
 

 Moreover, the inequities that concerned the Court in
 
 Trail Builders
 
 and
 
 Sunspa,n
 
 are not present in this case because Workers’ Compensation Act specifically protects same-project subcontractors from being sued by injured employees except where the injuries arose out of the subcontractors’
 
 own
 
 gross negligence. The legislature stated as much by expressly giving same-project subcontractors protection under the exclusiveness-of-liability provision in section 440.11(1), Florida Statutes.
 
 See
 
 § 440.10(l)(e), Fla. Stat. (2007). Same-project subcontractors who are sued under section 440.10(l)(e), Florida Statutes will never be required to compensate an employee for the direct fault of another party.
 

 Next, we affirm the portion of the trial court’s order dismissing the Appellants’ contribution claim against Double A because that claim is also precluded by the Workers’ Compensation Act.
 

 The right to seek contribution is statutory, and is found in section 768.31(2)(a), Florida Statutes: “Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.” In
 
 Seaboard Coast Line Railroad Co. v. Smith,
 
 359 So.2d 427 (Fla.1978), the Florida Supreme Court held that section 440.11, Florida Statutes, “precludes an employer from being designated as a person ‘jointly or severally liable in tort for the same injury to person or property’ as used in the contribution act.”
 
 Id.
 
 at 429. The Court further explained that contribution requires “common liability” to the employ-, ee, and that such common liability cannot exist because the employer is immune from liability (subject to limited exceptions) under the Workers’ Compensation Act.
 
 Id.
 
 Thus, the Appellants’ contribution claim is precluded.
 

 Finally, we reverse the portion of the order dismissing the Appellants’ breach of contract claim against Double A. Double A and Zeiger entered into a contract for Zeiger’s work on the project site. That contract included the following indemnity clause:
 

 RESPONSIBILITY FOR USE. Lessee [Double A] agrees to indemnify, defend and hold harmless Lessor [Zeiger], its employees, operators and agents from any and all claims ... for bodily injury ... resulting from the use, operation or possession of the crane and operator whether or not it be claimed or found that such damage or injury resulted in whole or in part from Lessor’s negligence, from a defective condition of the crane or operator, or from any act, omission or default of Lessor.
 

 
 *914
 
 The Appellants demanded indemnity from Double A under this clause, but Double A refused to provide it. As a result, the Appellants sued Double A for breach of contract in Count III of the third-party complaint. The trial court dismissed Count III because the Plaintiffs alleged that the Appellants were grossly negligent and Double A contracted to indemnify the Appellants only for their simple negligence.
 

 We disagree. First, we note that Florida courts view with disfavor contracts that attempt to indemnify a party against its own negligence.
 
 See Charles Poe Masonry Inc. v. Spring Lock Scaffolding Rental Equip. Co.,
 
 374 So.2d 487, 489 (Fla.1979). The parties’ contract in this case is enforceable, however, because it expresses in clear and unequivocal terms Double A’s intent to indemnify Zeiger against its own or its employees’ own wrongful acts.
 
 See Cox Cable Corp. v. Gulf Power Co.,
 
 591 So.2d 627, 629 (Fla.1992). In addition, the parties did not limit the term “negligence” in the contract, so that term should include any kind of negligence, whether simple or gross.
 
 See Borden v. Phillips,
 
 752 So.2d 69 (Fla. 1st DCA 2000) (where the term ‘negligence’, as used in an indemnity clause, is not limited, it should be construed as intending to encompass all forms of negligence, simple or gross, with only intentional torts being excluded);
 
 Theis v. J & J Racing Promotions,
 
 571 So.2d 92 (Fla. 2d DCA 1990) (a waiver releasing a party from “negligence” excused that party from liability for all forms of negligence, simple or gross, because the term was not limited in the contract).
 

 Motion for Summary Judgment
 

 In its motion for summary judgment on Counts IV and V (common law indemnity and contribution, respectively), P.F. Construction made the same arguments for summary judgment that Double A made in its motion to dismiss. The trial court granted the motion for summary judgment without explanation. We affirm for the same reasons addressed above with regard to the motion to dismiss.
 

 Affirmed, in part; Reversed in part and Remanded.
 

 WARNER and STEVENSON, JJ., concur.
 

 [1]
 

 . We understand that our decision may have the effect of requiring a same-project subcontractor to incur the costs of defending a claim for which it is not directly at fault. It is up to the legislature, not this Court, to construct a remedy for this potential inequity.