466 So.2d 1116 (1985)
CITY OF CLEARWATER, Florida, a Municipal Corporation, Appellant,
v.
L.M. DUNCAN & SONS, Inc., Appellee.
No. 84-1016.
District Court of Appeal of Florida, Second District.
April 5, 1985.
Rehearing Denied April 10, 1985.
*1117 Thomas A. Bustin, City Atty., Clearwater, for appellant.
Nelly N. Khouzam and Donald V. Bulleit of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
OTT, Acting Chief Judge.
The trial court dismissed appellant's third-party complaint seeking indemnification from appellee pursuant to an express contract. We reverse.
Appellant (the "city") hired appellee to perform construction on property owned by the city. A contract was executed wherein appellee expressly agreed to indemnify the city from any claims resulting from appellee's negligence in connection with the construction. Appellant concedes that the contract of indemnity, under the law of Florida (hereafter discussed), does not, and cannot, extend to damages attributable to its independent or active negligence.
A worker employed by appellee sustained injuries as a result of a cave-in at the construction site. Appellee provided workers' compensation benefits to the injured employee as required by law. The worker thereafter brought suit against the appellant for the injuries he sustained based upon appellant's passively negligent failure to properly inspect, discover, and warn the claimant of the dangerous condition created by appellee's (his employer's) active negligence.
The city filed an amended third-party complaint against appellee based upon the indemnity clause contained in the contract between the parties.[1] Appellee filed a motion to dismiss the complaint, asserting immunity from the third-party complaint by virtue of section 440.11(1), Florida Statutes (1983),[2] because of the workers' compensation *1118 benefits appellee provided its injured employee. The trial court granted the motion to dismiss.
In Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), the supreme court held that a negligent third party's common law action for indemnification against a negligent employer whose injured employee had received workers' compensation benefits is not barred by section 440.11(1). The court found the statute unconstitutional as applied to facts similar to the case before us, the important distinction being that in Sunspan there was only a common law implied contract of indemnification. The supreme court's rationale was that a statute cannot abolish a common law right of action without providing a reasonable alternative to protect the people's rights to access to the courts and to equal protection under the law. The court noted that its holding did not "directly touch upon" whether a third-party action for true common law indemnification based upon an express contract would be barred by the statute. It appears that this caveat was prompted by the court's desire to avoid ruling on an issue which, while addressed by the trial court, was not properly before the supreme court for review. We believe that the holding in Sunspan applies as well to cases involving express contractual indemnity, where, as in this case, the contract of indemnity extends only to those losses the indemnitee suffers because of the negligence of the indemnitor.
The common law right of indemnity generally arises out of contract, express or implied. There is no right of common law indemnity except where the indemnitee is guilty, at most, of passive negligence. Where both joint tortfeasors are actively negligent, they are left solely to their statutory right of contribution, if any.
Seaboard Coast Line R.R. v. Smith, 359 So.2d 427 (Fla. 1978), relied on by appellee, is clearly distinguishable. That case involved a third-party action by an active tortfeasor for implied indemnity and contribution from a joint tortfeasor who was an employer of the injured party under the Workers' Compensation Act. The court found no error in the dismissal of both third party claims. The court first noted that an active tortfeasor does not have a right to implied indemnification even if the joint tortfeasor is guilty of willful or wanton misconduct. One seeking indemnity must be without fault. The court then observed that unlike indemnity, there was no right of contribution at common law. Section 768.31, Florida Statutes (1975), expressly modified the common law by creating a new cause of action between active joint tortfeasors for contribution. The court held that the exclusive remedy provision of section 440.11(1) precludes an employer from being sued under the contribution statute. The court did not overrule or even mention Sunspan.[3]
The general consensus in other jurisdictions is that exclusive remedy provisions of the applicable state workers' compensation acts do not bar an employer from expressly contracting to indemnify a third-party tortfeasor. See generally Annot., 100 A.L.R.3d 350, 380.
On the authority of Sunspan, we hold that section 440.11(1) is unconstitutional as applied to appellant insofar as it would destroy the right of appellant under the foregoing contract of indemnity.
We therefore REVERSE the order of dismissal and REMAND for further proceedings consistent herewith.
REVERSED.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] The contract provided, in pertinent part:

The contractor hereby agrees to assume the defense of and to hold the City free and harmless from any and all claims for damages ... resulting from any operations of said contractor, his subcontractors, agents or employees. 24. RESPONSIBILITY FOR DAMAGE. The Contractor shall indemnify ... the City ... on account of any injuries or damages received or sustained by any persons ... in consequence of any neglect in safeguarding the work, or through the use of unacceptable materials in the construction of the project, or by or on account of any act or omission, neglect or misconduct of the Contractor.
[2] Exclusiveness of liability
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer.
[3] The validity of Sunspan was implicitly recognized by the supreme court subsequent to Seaboard Coast Line R.R. v. Smith. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 494 n. 4 (Fla. 1979).