478 So.2d 816 (1985)
L.M. DUNCAN & SONS, INC., Appellant,
v.
CITY OF CLEARWATER, Florida, a Municipal Corporation, Appellee.
No. 66951.
Supreme Court of Florida.
November 14, 1985.
*817 Donald Bulleit and Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellant.
Alan S. Zimmet, Asst. City Atty., Clearwater, and Thomas A. Bustin, Gainesville, for appellee.
SHAW, Justice.
We have before us City of Clearwater v. L.M. Duncan & Sons, Inc., 466 So.2d 1116 (Fla. 2d DCA 1985), holding section 440.11(1), Florida Statutes (1983), unconstitutional as applied to the City of Clearwater (the City) in this case. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and we affirm.
The City hired L.M. Duncan, Inc. (Duncan) to perform construction on city property. The construction contract contained a provision providing for Duncan to indemnify the City for damages assessed due to Duncan's negligence. One of Duncan's employees was injured at the construction site, and Duncan provided workers' compensation benefits. Thereafter the employee sued the City based on its negligence in allowing the employee to work at an unsafe place.
The City filed a third-party complaint against Duncan, seeking to enforce the indemnity provision of the construction contract. That provision reads as follows:
The contractor hereby agrees to assume the defense of and to hold the City free and harmless from any and all claims for damages ... resulting from any operations of said contractor, his subcontractors, agents or employees.
24. RESPONSIBILITY FOR DAMAGE. The Contractor shall indemnify ... the City ... on account of any injuries or damages received or sustained by any persons ... in consequence of any neglect in safeguarding the work, or through the use of unacceptable materials in the construction of the project, or by or on account of any act or omission, neglect or misconduct of the Contractor.
Duncan moved to dismiss the complaint on the basis that the City was negligent and that Duncan was immune from having to indemnify the City under section 440.11(1), because it had provided the injured employee workers' compensation benefits. Section 440.11(1) provides as follows:
440.11 Exclusiveness of liability
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer.
The trial court granted Duncan's motion to dismiss. The district court reversed the trial court's order of dismissal on the authority of this Court's decision in Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), wherein we held that section 440.11(1) was unconstitutional as applied to bar a third party tortfeasor's common law action for indemnification against a negligent employer who paid his injured employee workers' compensation benefits.
Duncan raises two issues in its appeal to this Court. Its first point is that the City cannot seek indemnification under the contractual provision because the plaintiff sued the City for its sole negligence in allegedly reopening an unsafe construction site. The City counters that a motion to dismiss a complaint may not serve as a vehicle to resolve issues of fact. Conceding that it would not be able to seek indemnification if found actively negligent, the City argues that it is Duncan that is actively negligent and the City is, at most, passively negligent. We agree with the *818 City that dismissal of its third-party complaint was premature.
Third-party actions are a "procedural mechanism to settle all related rights and liabilities in pertinent litigation at one time." Sunspan, 310 So.2d at 7. While the City must be without fault in order to seek indemnity, Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Seaboard Coastline Railroad v. Smith, 359 So.2d 427 (Fla. 1978), the factual determination of whether the City was at fault has not yet been made.
Duncan's second point, that section 440.11(1) precludes a third party tortfeasor from bringing an action for indemnification against an employer, has been decided otherwise in Sunspan. Duncan tries to distinguish Sunspan by suggesting that Sunspan, unlike the present case, did not involve an actively negligent tortfeasor. Our holding as to Duncan's first point disposes of this argument.
According to the views expressed, we affirm the decision of the district court.
It is so ordered.
ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I dissent because in my view Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), was wrongly decided and should be overruled. The intent of the legislature to establish the exclusive liability of an employer in section 440.11 of the Workers' Compensation Law is clear. In my view, that legislative determination is reasonable and does not violate the constitution.
If the contractor had total control of the work site and the city did not violate any duty toward the injured plaintiff, that is a defense the city should be able to raise against the claim of the worker. But the city should not be allowed to seek indemnity from the contractor because under the Workers' Compensation Law the contractor, as employer, has fully discharged its duties with regard to the injured worker by securing the payment of worker's compensation benefits.
I believe that the contractor, in securing worker's compensation benefits for the injured employee, has fully complied with its contractual duty to hold the city harmless from any claims that might arise from injuries to the contractor's employees caused by the contractor's neglect or misconduct. If the city was independently and actively negligent towards the injured worker and is in fact a third-party tortfeasor, it cannot seek indemnity from the contractor. If, on the other hand, the contractor had total control of the operation and the worker's claim against the city is based on vicarious liability or so-called "passive" negligence, then the worker's action against the city should fail.
This Court has many times declared that worker's compensation benefits are a reasonable and permissible substitute for the common-law right of an injured employee to recover for negligence. If the people do not believe the benefits are adequate, the legislature should act to change the law to make better provision for injured employees.