PER CURIAM.
We reverse the trial court’s order dismissing the third party complaint for contractual indemnity filed by Miami International Merchandise Mart, Inc. (MIMM) against Gene Somers & Associates, Inc. (GS & A), the injured plaintiff’s employer. Section 440.11(1), Florida Statutes (1985) is unconstitutional to the extent that it operates to immunize an employer from liability to a third party where the employer contracted to indemnify the third party against liability for injuries to its employees. City of Clearwater v. L.M. Duncan & Sons, Inc., 466 So.2d 1116 (Fla.2d DCA 1985), aff'd, 478 So.2d 816 (Fla.1985); see Sunspan Eng’g & Constr. Co. v. Spring-Lock Scaffolding, 310 So.2d 4 (Fla.1975); Mortgage Corp. of America v. Vorndran, 334 So.2d 88 (Fla.3d DCA 1976). Since the *55 parties’ lease agreement provided that GS & A would indemnify MIMM for liability it might incur to GS & A’s employees, the third party complaint stated a cause of action for indemnity and should not have been dismissed. GS & A’s contention that the dismissal was properly granted because MIMM’s negligence was the sole cause of the employee’s injuries is unavailing because it presumes the existence of a fact not yet decided. See L.M. Duncan & Sons, Inc. v. City of Clearwater, 478 So.2d 816, 817-18 (Fla.1985). Accordingly, the order dismissing MIMM’s third party complaint is reversed.