PATTERSON, DAVID F., Associate Judge.
The trial court granted appellee’s motion for summary judgment and denied appellant’s motion to amend its third party complaint seeking indemnification from appel-lee. We affirm.
Coastline Distributing of Tampa, Inc. (“Coastline”) leased a truck from Ryder Truck Rental, Inc. (“Ryder”). The lease contract contained a provision whereby Coastline agreed to indemnify Ryder for “any claim or cause of action for death or injury to persons ... arising out of or caused by the use of the vehicle.” Fow-low, a Coastline employee who was using the truck to make deliveries, was injured when the parking brake failed and he attempted to stop the vehicle from rolling away.
Fowlow received worker’s compensation benefits from Coastline and later brought suit against Ryder alleging that his injuries were the result of Ryder’s negligent repair, maintenance and inspection of the truck. Ryder instituted a third party action against Coastline seeking indemnification under the contract provision quoted above. Coastline answered and asserted a worker’s compensation immunity defense. Both parties moved for summary judgment. The trial court granted Coastline’s motion based upon “Florida’s Public Policy and Worker’s Compensation Immunity under chapter 440.11_” Before judgment was entered Ryder filed a motion to amend its third party complaint to add counts based upon common law indemnification and breach of contract. The trial court denied the motion.
Ryder relies on L.M. Duncan & Sons, Inc. v. City of Clearwater, 478 So.2d 816 (Fla.1985), wherein the trial court’s dismissal of a third party complaint asserting circumstances similar to this case was reversed. Duncan, however, has no applica *1095 tion here. In the case before us, the trial court permitted the action to be maintained by Ryder and then granted a judgment based upon the merits. The controlling authority here is Charles Poe Masonry v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla.1979), which addresses the sufficiency of the Ryder lease provision to support Ryder’s claim. In Spring Lock the court held that “contracts of indemnification which attempt to indemnify a party against its own wrongful acts are viewed with disfavor in Florida. [Citations omitted.] Such contracts will be enforced only if they express an intent to indemnify against the indemnitee’s own wrongful acts in clear and unequivocal terms.” Id. at 489. The Ryder lease provision clearly fails to meet the required standard and the trial court was correct in entering judgment on behalf of Coastline.
In regard to Ryder’s motion to amend, the facts of this case cannot sustain a cause of action for common law indemnification. The only acts of negligence alleged are those of Ryder. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
Finally, we find no error in the trial court decision to disallow the amendment of the complaint to include a breach of contract claim. A party may not be permitted to recover indirectly that which it cannot recover directly by simply changing the label on the cause of action.
We therefore affirm the decision of the trial court.
SCHEB, A.C.J., and FRANK, J., concur.