544 So.2d 240 (1989)
Robert LEGGIERE, Appellant,
v.
MERRILL LYNCH REALTY/FLORIDA, INC., a Florida Corporation d/b/a Rodgers & Cummings Realty, Appellee.
No. 88-01181.
District Court of Appeal of Florida, Second District.
April 26, 1989.
Rehearing Denied June 8, 1989.
*241 Eduardo R. Latour of Yanchuck, Thompson, Young, Berman & Latour, P.A., Tarpon Springs, for appellant.
Lee Holden Rightmyer and Charles W. Cope of Baynard, Harrell, Mascara & Ostow, P.A., St. Petersburg, for appellee.
CAMPBELL, Chief Judge.
Appellant, Robert Leggiere, defendant in the original proceeding below, appeals the dismissal with prejudice of his third party complaint against appellee, Merrill Lynch Realty/Florida, Inc., a Florida corporation, doing business as Rodgers & Cummings Realty. The trial court found that appellant failed to properly plead a third party cause of action. We affirm.
William and Rita Ashworth, the plaintiffs in the original action below, listed a parcel of commercial real estate with appellee, as real estate broker. Appellant, Leggiere, purchased the property from the Ashworths, including an inventory of personal property. Difficulties arose and the Ashworths filed a cause of action against Leggiere based on breach of contract and conversion. They alleged that Leggiere owed them money for the inventory. Leggiere then filed a third party complaint against Merrill Lynch alleging that because of fraud and misrepresentations made by Merrill Lynch, Leggiere suffered financial damage and was deprived of the use of the property.
Appellant did not successfully plead a cause of action for indemnification, subrogation or contribution against appellee. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).
The sole question for our consideration is whether under Rule 1.180, Florida Rules of Civil Procedure, a defendant who seeks to assert a derivative third party claim must first allege against the third party defendant a cause of action based on indemnification, subrogation or contribution before the third party complainant may assert any other claim against the third party defendant that grows out of the transaction or occurrence that is the subject matter of the original plaintiff's claim. We hold that the third party claimant must first so allege against the third party defendant a claim for indemnification, subrogation or contribution. Prior to 1984, Rule 1.180 was clearly limited to allow third party actions only for indemnification, subrogation or contribution. In 1984, the first sentence of Rule 1.180(a) was amended to provide as follows:
At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim.
(Emphasis supplied.)
The underlined portion of that first sentence of Rule 1.180(a) contains the principal added language and the essential change made in the provision of the rule, and is the language of primary importance to us in *242 reaching our conclusion. It is clear to us that by use of the word "and" rather than "or" at the beginning of the added language the rule change was meant to allow a claim in addition to but not in absence of a claim for indemnification, subrogation or contribution.
Affirmed.
DANAHY and ALTENBERND, JJ., concur.