CAMPBELL, Acting Chief Judge.
Appellant, Thomas W. Matey, appeals the summary judgment entered against him in his attempted third party action against appellee, attorney James L. Rein-man, for legal malpractice. We affirm.
In the underlying action, Vaughn J. Cannon had obtained a judgment against James H. Pruitt Real Estate, Inc., James H. Pruitt, individually, and appellant as comakers or guarantors of a promissory note. Pruitt Real Estate, Inc. paid the judgment in full and brought a cross-claim against appellant for contribution. Appellant then filed his third party complaint against attorney Reinman alleging that Reinman’s legal malpractice led to appellant’s potential liability on the cross-claim. The claim against Reinman was severed and stayed pending the outcome of the underlying action. The court then entered a $129,693.07 judgment against appellant on the cross-claim of Pruitt Real Estate, Inc.
Appellant’s claim against appellee Rein-man was then set for trial. Prior to trial, however, the parties asked the trial judge whether appellant was entitled to proceed with a third party action against appellee *202 Reinman since appellant had not paid any of the judgment entered against him. Citing Allied Productions Inc. v. Duesterdick, 217 Va. 763, 232 S.E.2d 774 (Va.1977), the trial judge granted summary judgment against appellant, implicitly holding that appellant could not maintain his cause of action absent payment of the judgment. While we are inclined to believe that the trial judge’s reliance on Duesterdick was misplaced, we are not required to decide this case upon that issue. Appellant conceded in his briefs and at oral argument that he has not attempted to allege a cause of action against attorney Reinman based upon indemnity, subrogation or contribution.
In light of that concession, we decide this case on the basis of Leggiere v. Merrill Lynch Realty/Florida, Inc., 544 So.2d 240 (Fla. 2d DCA 1989), and affirm the summary judgment insofar as it holds that appellant has not successfully pleaded a third party claim against appellee. We held in Leggiere that a third party claimant must allege a claim for indemnification, subrogation or contribution before asserting any other claim against a third party defendant. 544 So.2d at 241. This decision and the summary judgment below should not be construed as precluding appellant from attempting to allege an independent cause of action against appellee for his alleged malpractice.
Affirmed.
LEHAN and THREADGILL, JJ., concur.