619 So.2d 1047 (1993)
Ross RUPP, Appellant,
v.
Scott L. PHILPOT, et al., Appellees.
No. 92-2078.
District Court of Appeal of Florida, Fifth District.
June 18, 1993.
John A. Leklem of Sparks, Cooper, Leklem & Weber, P.A., Orlando, for appellant.
Leslie King O'Neal of McDonough, O'Neal & O'Dell, Orlando, for appellees.
DAUKSCH, Judge.
Ross Rupp timely appeals a final summary judgment in favor of Philpot Homes, Inc., a third-party defendant below.
This case began when Scott Philpot filed a complaint against Ross Rupp to enforce a claim of lien and for breach of contract. Rupp answered the complaint setting forth several affirmative defenses and a counterclaim *1048 against Philpot for breach of contract, breach of express warranty and negligence. Rupp additionally filed a third-party complaint against Philpot Homes, Inc. for breach of contract, breach of express warranty and negligence. Relying upon Florida Rule of Civil Procedure 1.180(a), Philpot Homes, Inc. moved for summary judgment on the third-party complaint on the ground that Rupp was not seeking indemnity, subrogation or contribution. Following a hearing, the trial court entered summary judgment in favor of Philpot Homes, Inc. We affirm.
Before 1984 Florida Rule of Civil Procedure 1.180(a) provided in pertinent part the following:
At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against him.
See Angora Enterprises v. Condominium Ass'n of Lakeside Village, Inc., 432 So.2d 792 (Fla. 4th DCA 1983). In 1984 the rule was amended as follows:
At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant, and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. [emphasis supplied].
Construing the change to the above rule, the court in Leggiere v. Merrill Lynch Realty/Florida, Inc., 544 So.2d 240, 241 (Fla. 2d DCA 1989) held that before asserting any other claim against a third-party defendant, a third-party plaintiff must allege a claim for indemnification, subrogation or contribution. The court expressed its rationale as follows:
The sole question for our consideration is whether under Rule 1.180, Florida Rules of Civil Procedure, a defendant who seeks to assert a derivative third party claim must first allege against the third party defendant a cause of action based on indemnification, subrogation or contribution before the third party complainant may assert any other claim against the third party defendant that grows out of the transaction or occurrence that is the subject matter of the original plaintiff's claim. We hold that the third party claimant must first so allege against the third party defendant a claim for indemnification, subrogation or contribution. Prior to 1984, Rule 1.180 was clearly limited to allow third party actions only for indemnification, subrogation or contribution. In 1984, the first sentence of Rule 1.180(a) was amended to provide as follows:
At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant and may also assert any other claim that arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. (Emphasis supplied.)
The underlined portion of that first sentence of Rule 1.180(a) contains the principal added language and the essential change made in the provision of the rule, and is the language of primary importance to us in reaching our conclusion. It is clear to us that by use of the word "and" rather than "or" at the beginning of the added language the rule change was meant to allow a claim in addition to but not in absence of a claim for indemnification, subrogation or contribution.
Id. at 241-242. The second district recently reaffirmed its decision in Leggiere in Matey v. Reinman, 599 So.2d 201 (Fla. 2d DCA 1992). The fourth district followed suit in Dhaliwal v. Don L. Leasing Co., 600 So.2d 533 (Fla. 4th DCA 1992). Because Rupp in the present case failed to allege a claim for indemnification, subrogation or contribution against Philpot Homes, Inc., the trial court's entry of summary *1049 judgment in favor of the latter party was correct. Dhaliwal; Matey; and Leggiere.
AFFIRMED.
GOSHORN, C.J., and COBB, J., concur.