DANAHY, Acting Chief Judge.
The appellants (Daeryn) urge this court to find that the trial court erred in dismissing with prejudice Counts X, XI and XII of their amended third party complaint. We affirm in part and reverse in part.
This action was brought by Ameriner Corporation as plaintiff against Daeryn. Ameri-ner had purchased certain property from Da-eryn pursuant to a warranty deed. Ameri-ner alleged that the State of Florida had asserted ownership to a substantial portion of the property conveyed to it by Daeryn, as sovereign navigable waters of the state. Ameriner sought damages and equitable relief.
Daeryn filed a third party complaint, later amended, alleging that the appellee (Peacock), who is an attorney, represented Da-eryn both in its purchase and in its sale of the subject property. Count X of the amended third party complaint asserted a claim for negligence against Peacock. Count XI asserted a claim for breach of fiduciary duty. Count XII asserted a claim of indemnity, alleging that as between Daeryn and Peacock, Peacock should be responsible and stand for any liability to Ameriner to which Daeryn may be subjected in this action.
We agree with the trial court that Count XII failed to allege the elements of an indemnity claim and was properly dismissed. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979). We also agree with the trial court that because the indemnity claim must fall, the related claims in Counts X and XI may not be maintained as third party claims. See Fla.R.Civ.P. 1.180(a); Leggiere v. Merrill Lynch Realty/Florida, 544 So.2d 240 (Fla. 2d DCA 1989).
However, we find that the trial court erred in dismissing Counts X and XI with prejudice. The claims asserted in those counts may be asserted by Daeryn in a separate action against Peacock. The dismissal with prejudice would foreclose such a separate action.
Accordingly, we affirm the dismissal with prejudice of Count XII (indemnification) of the amended third party complaint and we affirm the dismissal of Count X (negligence) and Count XI (breach of fiduciary duty). We reverse the dismissal of Counts X and XI to the extent that such dismissal is with prejudice.
Affirmed in part and reversed in part.
CAMPBELL and BLUE, JJ., concur.