721 So.2d 1254 (1998)
CAMP, DRESSER & McKEE, INC., et al., Appellants,
v.
PAUL N. HOWARD COMPANY, etc., et al., Appellees.
No. 97-3410
District Court of Appeal of Florida, Fifth District.
December 23, 1998.
*1255 James D. Kisio of David H. Popper & Associates, P.A., Orlando, and William H. Selde of Sodoro, Daly & Sodoro, P.C., Omaha, Nebraska, for Appellant.
Michael M. Bell and Andrew J. Leeper of Bell, Leeper & Roper, P.A., Orlando, for Appellee Paul N. Howard Company.
H. Gregory McNeill of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee Insurance Company of North America.
ANTOON, J.
Camp, Dresser & McKee, Inc., (CDM) and its insurers, Imperial Casualty & Indemnity Company and International Insurance Company, sued Paul N. Howard Company (Howard) and the Insurance Company of North America (INA) for indemnification for damages that CDM paid to Robert Eiler in settlement for injuries he sustained in a construction accident. The trial court entered summary judgment in favor of Howard and INA. CDM appeals contending the trial court erred in determining that its claim for indemnification was barred by Florida's Workers' Compensation Act, section 440.11(1), Florida Statutes (1983), and by Florida's statutory limitation on indemnification contracts, section 725.06, Florida Statutes (1983). We conclude that CDM's claim for contractual indemnity is not barred by either statute and therefore reverse the trial court's summary judgment order.
Orange County decided to construct the Southwest Orange County Water Conservation Effluent Transmission Main (the project). The purpose of the project was to irrigate orange groves with treated waste water. In 1982, Orange County hired CDM to provide the necessary engineering work and related services. The County then hired Howard as its contractor for the project. Included in the County's agreement with *1256 Howard was an indemnity clause whereby Howard agreed to indemnify the County and CDM as follows:
Indemnification:
6.30. To the fullest extent permitted by law, CONTRACTOR [Howard] shall indemnify and hold harmless OWNER [Orange County] and ENGINEER [CDM] and their agents and employees from and against all claims, damages, losses, and expenses including but not limited to attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death ... and (b) is caused in whole or part by any negligent act or omission of CONTRACTOR [Howard], any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused by a party indemnified hereunder.

(Emphasis added). The County paid Howard $1,000 consideration in exchange for this indemnification, and CDM was named as a third party beneficiary to the contract. INA, as Howard's surety, issued a performance bond for the project.
Howard hired Affholder, Inc., and Kern-Affholder (Affholder) to construct underground tunnels necessary for the project. Affholder in turn contracted with Ed Waters & Sons Contracting Company, Inc., (Waters) to construct steel reinforced pits necessary to set up Affholder's tunneling apparatus. Construction of the pits required the use of sheet piling for reinforcement. As Robert Eiler, an employee of Waters, was unhooking the sheet piling from a crane, the crane got too close to a power line and electricity arched from an overhead power line to the crane and from the crane to Mr. Eiler. Mr. Eiler received an electrical shock which caused severe and permanent brain damage.
Mr. Eiler's guardian sued CDM, Howard, Affholder, as well as other parties connected with the project. Summary judgments were entered in favor of Howard and Affholder because, under Florida's Workers' Compensation Act, they were immune from liability for Mr. Eiler's claims. The summary judgments were affirmed by this court. See Eiler v. Camp, Dresser & McKee, Inc., 594 So.2d 753 (Fla. 5th DCA 1992); Eiler v. Camp, Dresser & McKee, Inc., 591 So.2d 641 (Fla. 5th DCA 1992). In the end, only CDM was left as a defendant.
CDM eventually settled Mr. Eiler's claim, and then filed a complaint against Howard and its insurers seeking contractual indemnity. CDM alleged that, prior to settling with Mr. Eiler, CDM had demanded that Howard and INA indemnify CDM and participate in the settlement negotiations but that Howard had refused. Howard answered by denying that CDM was entitled to indemnity, and then filed a motion for summary judgment.
Upon review of the summary judgment motion, the trial court concluded that Howard was immune from CDM's claim for indemnity because, under Florida's Workers' Compensation Act, Howard was Mr. Eiler's statutory employer. To support this conclusion, the court cited to section 440.11(1), Florida Statutes, which provides, in relevant part:
440.11 Exclusiveness of liability.-
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death....
§ 440.11(1), Fla. Stat. (1983). Howard properly concedes that the trial court's reliance on section 440.11(1) was misplaced. This concession is consistent with Sunspan Engineering & Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla.1975), and L.M. Duncan & Sons, Inc. v. City of Clearwater, Florida, 478 So.2d 816 (Fla.1985). Accordingly, we reverse this ruling.
The trial court also ruled that the indemnity agreement between CDM and Howard was void and therefore unenforceable, because CDM had failed to comply with section 725.06, Florida Statutes (1983), which provides, in relevant part:

*1257 725.06 Construction contracts; limitation on indemnification.-
Any portion of any agreement or contract for, or in connection with, any construction... of a ... structure ... between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his contract and section of the project specifications or bid documents, if any.
The trial court apparently determined that CDM had not complied with the requirements of paragraph 2, because the $1,000 consideration had been actually paid to Howard by Orange County and not CDM.[1] We disagree.
The contract between Orange County and Howard named CDM as a third-party beneficiary. CDM was also listed as an indemnee in the contract's indemnity clause. The contract provided that:
The Project has been designed by ... (CDM) who is hereinafter called Engineer and who will assume all duties and responsibilities and will have the rights and authority assigned to Engineer in the Contract Documents in connection with completion of the Work in accordance with the Contract Documents.
As a third-party beneficiary, CDM was entitled to institute this action for indemnity. See Maule Indus., Inc. v. Central Rigging & Contracting Corp., 323 So.2d 631 (Fla. 3d DCA 1975). The indemnity clause was clear and unequivocal, and specific consideration was paid to Howard. Thus, the provision should be enforced. See Gulf Oil Corp. v. Atlantic Coast Line R.R. Co., 196 So.2d 456 (Fla. 2d DCA), cert. denied, 201 So.2d 893 (Fla.1967). In so ruling, we reject Howard's assertion that the agreement was void merely because the County paid the $1,000 consideration on behalf of CDM. We refuse to read the statute in such a strained, hypertechnical manner and thereby preclude an indemnee from paying the consideration on behalf of a co-indemnee.
The trial court also ruled that CDM's "claim for contractual indemnity ... must fail as there was no `special relationship' between [CDM] and [Howard] or its subcontractors, which made CDM vicariously, constructively, derivatively, or technically liable for their acts." In support of this conclusion, the trial court cited to Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979). In Houdaille, our supreme court held that a "special relationship" between the primary defendant and a third-party defendant is necessary to maintain a claim for indemnification. 374 So.2d at 493. However, the court emphasized that the cause of action at issue in that case was for common law indemnitynot contractual indemnity. Id. at 491 n. 2. Thus, a party like CDM who is seeking to recover under a contractual indemnity clause is not required to establish that there was a special relationship between the parties to maintain an action for damages under the clause. See also Paul N. Howard Co. v. Affholder, Inc., 701 So.2d 402 (Fla. 5th DCA 1997)(holding that a special relationship was necessary to maintain an action for common law indemnity.)[2]
*1258 The trial court also referenced Transport International Pool, Inc., etc. v. Pat Salmon & Sons of Florida, Inc., 609 So.2d 658 (Fla. 4th DCA 1992), rev. denied, 621 So.2d 432 (Fla.1993). However, Transport is factually distinguishable. In Transport, Transport International leased a trailer to Salmon. The lease provided that Salmon would indemnify Transport International and hold it harmless from and against any damages that it may "sustain or suffer" arising out of the operation or condition of the trailer. 609 So.2d at 660. One of Salmon's employees negligently operated the trailer causing injury to Gerald Breit. Id. Mr. Breit sued Salmon and Transport International, each of whom contributed to the settlement of the claim. Id. Transport International then sought indemnity from Salmon. Id. The trial court summarily entered summary judgment against Transport International. Id. On appeal, the fourth district affirmed determining that Transport International was not entitled to contractual indemnity because there was no possibility that it could have been liable for Mr. Breit's injuries, either as a result of its own negligence or by application of the doctrine of respondeat superior; therefore, Transport International failed to satisfy the requirements of the indemnity clause because it did not "sustain or suffer" any damages. Id.
In contrast, here, Howard has not established that CDM could not have been held liable for Mr. Eiler's injuries. Mr. Eiler alleged that CDM was negligent in its design and supervision of the project and that this negligence was the proximate cause of his injury. We are not able to determine from the record before us whether CDM filed a motion for summary judgment on the question of its negligence, but we do know that at the time of the settlement this issue was still pending. Therefore, Transport International does not support the trial court's decision in the instant case.
In conclusion, we reverse the summary judgment entered in favor of Howard and INA because CDM's claim for contractual indemnity is not statutorily barred. We must also reverse the summary judgment in favor of INA because the trial court ruled that CDM's claim for indemnity against INA "must fail for the same reason [CDM's] claim against [Howard] fails."
REVERSED in part; AFFIRMED in part; REMANDED.
GRIFFIN, C.J., and COBB, J., concur.
NOTES
[1] The parties do not dispute that the agreement in this case does not contain a monetary limitation on the extent of indemnification. See § 725.06(1), Fla. Stat. (1983).
[2] Howard maintains that this court has already determined that the indemnity clause at issue was unenforceable with regard to Orange County's cross-claim for indemnity from Howard in Orange County, Florida v. Paul N. Howard Co., 538 So.2d 1272 (Fla. 5th DCA 1989). However, the trial court in that case summarily granted Howard's motion to dismiss which presented several theories supporting dismissal, and this court affirmed without an opinion. Id. Accordingly, our decision in Orange County does not constitute the law of the case on this issue.