PER CURIAM.
Harold E. and Elizabeth H. Kendall appeal an order dismissing their Third Party First Amended Complaint with prejudice. We affirm the order insofar as it dismisses the complaint; we reverse the portion of the order dismissing with prejudice.
*682 The appellants’ son, Harold E. Kendall Jr., filed a complaint against his father, his brother, Peter H.J. Kendall, and Maryanne Ballard, the independent trustee, alleging improprieties with the Lizzarraga Trust, which was created by the father for the use and benefit of the mother. The complaint alleged, inter alia, fraudulent transfers, breach of fiduciary duty, and civil conspiracy. The complaint was amended to include the mother after the trust assets were transferred to her. The appellants filed third party claims four years later against the appellees herein, Martha K. Gilmore and Susan K. Bradford, their daughters, another son, and John G. Immer. The third party claims sought a judicial declaration as to the trust assets transferred to the mother, and sought a constructive trust over the property in two other trusts. No contribution, indemnification or subrogation claims were raised; 'the appellees moved to dismiss the complaint for failure to raise such claims or for a more definite statement. The court dismissed the third party complaint.
Thereafter, the appellees filed an Amended Third Party Complaint that added a request for an injunction, and a claim to quiet title to property held by the trusts; no contribution, indemnification or subrogation claims were alleged. The third-party defendants filed a motion to dismiss with prejudice. After a hearing, the court granted the motion and dismissed the complaint with prejudice. This appeal follows.
The trial court properly dismissed the appellants’ complaint because it did not state a claim “that arises out of the transaction or occurrence that is the subject matter of the plaintiffs claim.” Fla. R. Civ. P. 1.180(a). In this case, the appellants’ amended complaint could not maintain a valid claim for contribution, indemnification or subrogation. Rupp v. Philpot, 619 So.2d 1047 (Fla. 5th DCA 1993); Tindall v. Travelers Indem. Co., 613 So.2d 1369 (Fla. 2d DCA 1993); Matey v. Reinman, 599 So.2d 201 (Fla. 2d DCA 1992); Leggiere v. Merrill Lynch Realty/Florida, Inc., 544 So.2d 240 (Fla. 2d DCA 1989). See Boyd v. Halstead, 817 So.2d 1092 (Fla. 2d DCA 2002). The facts in the Third Party Complaint and the Third Party First Amended Complaint demonstrate that further amendment would not be fruitful.
We reverse, however, the portion of the order that dismisses the claims with prejudice. The claims asserted in the Third Party First Amended Complaint may be asserted in a separate action against the appellees, should appellants choose to do so. Dacryn Corp. v. Peacock, 630 So.2d 1169 (Fla. 2d DCA 1993).
Affirmed in part, reversed in part.