BLACK, Judge.
Terry Tsafatinos and Sigma TAF Management, Inc., appeal the trial court’s order dismissing Mr. Tsafatinos’ third-party claims for common law indemnity and for breach of contract against Family Dollar Stores of Florida, Inc. We affirm in part and reverse in part.
I. Background
Family Dollar Stores of Florida, Inc. (Family Dollar), leased its business premises from Terry Tsafatinos, individually. On December 26, 2008, David Sugas, an employee of Family Dollar, allegedly stepped on an uneven concrete floor in the backroom of the Family Dollar store, fell, and injured his knee. As a result, Family Dollar has been providing workers’ compensation benefits to Mr. Sugas.
Mr. Sugas and his wife filed a three-count amended complaint against Mr. Tsa-fatinos and Sigma TAF Management, Inc. (Sigma), alleging the incident occurred during the course and scope of Mr. Sugas’ employment, Mr. Tsafatinos owned the property, and both Mr. Tsafatinos and Sigma negligently maintained the property by failing to adequately repair the floor in the backroom. It was further alleged that Mr. Sugas was injured and suffered damages as a result of the fall at the negligently *579 maintained premises.[1]
Mr. Tsafatinos was granted leave to file a third-party complaint against Family Dollar for common law indemnification and for breach of contract. Regarding the indemnity claim, Mr. Tsafatinos alleged that there was a special relationship between the parties by virtue of the lease agreement. It was further alleged that although Mr. Tsafatinos was the property owner, Family Dollar leased and maintained possession of the property, making Mr. Tsafatinos’ liability, if any, solely vicarious, constructive, derivative, or technical in nature. Mr. Tsafatinos alleged that as such, Family Dollar was wholly at fault and hable to the Sugases for any and all injuries suffered as a result of the fall.
Mr. Tsafatinos based his breach of contract claim on the pertinent insurance provision of the lease agreement, paragraph 11(b):
Tenant shall maintain a commercial general liability policy with a minimum single limit of $1,000,000 for bodily injury, death and property damage insuring Tenant with respect to occurrences on the demised premises. Landlord shall be named as an additional insured under the policy but only for claims arising out of the acts or omissions of Tenant or arising out of the manner of Tenant’s use of the demised premises.
He alleged that Family Dollar breached the lease agreement by failing to name him as an additional insured on its commercial general liability policy or on its “self-insurance policy,” which Mr. Tsafati-nos alleged Family Dollar maintained in lieu of a commercial general liability policy.
The Sugases objected to the filing of the third-party complaint, arguing that the workers’ compensation benefits paid by Family Dollar to Mr. Sugas acted as the exclusive remedy against Family Dollar, including any liability of Family Dollar to third parties. The Sugases further argued that their claims did not fall under Family Dollar’s insurance policy but rather under Florida’s Workers’ Compensation Law,[2] the exclusive remedy against, and likewise the exclusive liability of, Family Dollar.
In its motion to dismiss the third-party complaint, Family Dollar argued that the indemnity count was improperly pleaded. Family Dollar also asserted that because the right of contribution has effectively become obsolete due to the abolition of joint and several liability, it necessarily follows that third-party claims for common law indemnity are no longer available in negligence cases. Further, Family Dollar argued that since the Sugases alleged no negligence against Family Dollar, Mr. Tsa-fatinos may not do so in the third-party complaint. Pursuant to the pertinent language of the insurance provision of the lease agreement, Family Dollar argued that the breach of contract count was legally impermissible because the amended complaint contained no allegation of negligence against Family Dollar, and thus Mr. Tsafatinos would not be an additional insured under the policy Family Dollar was required to maintain.
After a hearing, the trial court granted the motion to dismiss with prejudice. This appeal followed.
II. Discussion
The standard for reviewing a trial court’s order granting a motion to dismiss with prejudice is de novo. Value Rent-A-Car, Inc. v. Grace, 794 So.2d 619, *580 620 (Fla. 2d DCA 2001). When reviewing the trial court’s decision, this court is limited to the four corners of the complaint. Id.
A.Workers’ Compensation Immunity
Mr. Tsafatinos’ third-party complaint was not barred by workers’ compensation immunity. Sunspan Engineering & Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla.1975), is controlling. In Sunspan, the Florida Supreme Court held that section 440.11(1), Florida Statutes, the exclusive remedy provision of the Workers’ Compensation Law, was unconstitutional as applied to bar a third-party plaintiffs common law action for indemnification against a negligent employer who paid its injured employee workers’ compensation benefits. Id. at 7-8. Thus, a third party’s claim for common law indemnification against a negligent employer is not barred by section 440.11(1). Id.; see also L.M. Duncan & Sons, Inc. v. City of Clearwater, 478 So.2d 816, 818 (Fla.1985); Camp, Dresser & McKee, Inc. v. Paul N. Howard Co., 721 So.2d 1254, 1256 (Fla. 5th DCA 1998). Further, section 440.11(1) is also unconstitutional to the extent that it functions to immunize an employer from liability to a third party where the employer contracted to indemnify the third party for losses resulting from its negligence. City of Clearwater v. L.M. Duncan & Sons, Inc., 466 So.2d 1116, 1118 (Fla. 2d DCA), affd, 478 So.2d 816 (Fla.1985).
The Sugases cited Zeiger Crane Rentals, Inc. v. Double A Industries, Inc., 16 So.3d 907 (Fla. 4th DCA 2009), in support of their objection to Mr. Tsafatinos’ motion for leave to file a third-party complaint, contending that workers’ compensation benefits are the exclusive remedy against Family Dollar. Zeiger, which involved same-project contractors, is distinguishable because it stands for the proposition that a subcontractor is not liable to the employees of another contractor; rather, the subcontractor is protected by the exclusive liability provisions of section 440.11. Zeiger, 16 So.3d at 913; see also § 440.10(1)(e).
B. Allegations in Underlying Action Not Determinative
Despite Family Dollar’s contentions, Mr. Tsafatinos is not restricted by the allegations in the Sugases’ amended complaint, namely, that Mr. Tsafatinos was actively negligent, or by the fact that the Sugases did not allege negligence on the part of Family Dollar.
“Rule 1.180, RCP, allows the defendant, third-party plaintiff, charged with active negligence in the original complaint to place his own characterization upon the events and maintain a third party claim alleging active negligence on the part of the third party defendant and only passive negligence, if any, on his own part. The purpose of the rule is to settle the controversy in a single action, and it would be unfair to the defendant-third party plaintiff to confine it to the version of facts asserted by the plaintiff in the first instance.”
Broward Marine, Inc. v. New England Corp. of Del., 386 So.2d 70, 73 (Fla. 2d DCA 1980) (quoting Cent. Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579, 580 (1975) (internal quotation marks omitted)); see also Welch v. Complete Care Corp., 818 So.2d 645, 651 (Fla. 2d DCA 2002) (“A party seeking indemnity is not locked in by the injured person’s allegations against it in the underlying lawsuit.”).
C. Common Law Indemnity Claim
Though a third party has a right to sue an employer, the claim must be viable in the first place. Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 494 n. 4 *581 (Fla.1979). Common law indemnity “arises out of obligations imposed through special relationships.” Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61, 65 (Fla. 2d DCA 2005). To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 781 So.2d 638, 642 (Fla.1999); Houdaille, 374 So.2d at 493.
Mr. Tsafatinos did not properly plead a claim for common law indemnity because he failed to show the existence of any special relationship between himself and Family Dollar that would make Mr. Tsafatinos vicariously, constructively, derivatively, or technically liable to the Su-gases because of Family Dollar’s negligence or fault. See Welch, 818 So.2d at 649; Marino v. Weiner, 415 So.2d 149, 150-51 (Fla. 4th DCA 1982). Mr. Tsafati-nos, as landlord and property owner, is not liable for injuries that result from dangerous conditions on the property because
liability is not predicated on the ownership of the property, but on the failure of the possessor of the property to use due care. The duty to protect others from injury resulting from a dangerous condition on the premises rests on the right to control access to the property. This right is usually in the hands of the tenant, who is in possession and control. Thus, if a lessor completely surrenders possession and control of a premises to a lessee, the lessor will not be liable for injuries to third persons that occur on the property.
Welch, 818 So.2d at 649 (citations omitted); see also Bovis v. 7-Eleven, Inc., 505 So.2d 661, 662-64 (Fla. 5th DCA 1987) (noting same). As Mr. Tsafatinos alleged in his complaint, Family Dollar was in possession of the property, and thus Mr. Tsafatinos could not be vicariously, constructively, derivatively, or technically liable for the Su-gases’ injuries. Without vicarious liability, Mr. Tsafatinos’ claim for common law indemnity against Family Dollar is not viable in the first place.
It is true, as Mr. Tsafatinos contends, that when a complaint appears to be capable of being amended to properly state a cause of action it should not be dismissed with prejudice, as it was here, without affording the third-party plaintiff the chance to amend. See Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998). However, Mr. Tsafatinos’ claim for common law indemnity is not capable of amendment to state a cause of action as Mr. Tsafatinos previously asserted in his pleadings that he was not in possession or control of the property and thus he cannot be vicariously liable for the Sugases’ injuries. Therefore, the trial court correctly dismissed this count of Mr. Tsafatinos’ complaint. See Welch, 818 So.2d at 649.
Family Dollar’s reliance on T & S Enterprises Handicap Accessibility, Inc. v. Wink Industrial Maintenance & Repair, Inc., 11 So.3d 411 (Fla. 2d DCA 2009), holding that the abolition of joint and several liability acts to defeat all third-party causes of action for contribution, is misplaced. The court in Wink reasoned that because judgment is now entered purely on a pro rata finding of fault, there is no longer a need to seek recovery from a non-party joint tortfeasor. Id. at 411. Mr. Tsafatinos filed a third-party complaint for common law indemnification, not contribution, and common law indemnification is a legal remedy wholly apart from contribution. See Stuart v. Hertz Corp., *582 351 So.2d 703, 706 (Fla.1977). In an action for indemnification, the defendant is liable for the entire amount, while in an action for contribution, the defendant is only liable for his pro rata share. Id. Thus, unlike in a case involving contribution, the concept of “weighing of the relative fault of tortfeasors” is simply inapplicable in an indemnity action as the party seeking indemnity must be without fault. Houdaille, 374 So.2d at 493.
D. Breach of Contract Claim
Mr. Tsafatinos alleged that Family Dollar breached its lease by failing to name him as an additional insured on its commercial general liability policy or its “self-insurance policy,” pursuant to the lease agreement. We agree that the plain language of the lease required Family Dollar to name Mr. Tsafatinos as an additional insured on the policy, However, since we find that Mr. Tsafatinos’ claim for common law indemnification failed to state a cause of action, the related claim for breach of contract may not be maintained as a third-party claim. See Fla. R. Civ. P. 1.180(a); Dacryn Corp. v. Peacock, 630 So.2d 1169, 1170 (Fla. 2d DCA 1993); see also Leggiere v. Merrill Lynch Realty/Fla., Inc., 544 So.2d 240, 241-42 (Fla. 2d DCA 1989) (holding that the 1984 amendment to rule 1.180(a) was meant to permit a claim “in addition to but not in the absence of a claim for indemnification, subrogation or contribution”).
Though this claim may not be maintained as a third-party action, since the plain language of the lease does not unambiguously establish that Family Dollar did not breach its duty, the court erred in dismissing the third-party claim for breach of contract with prejudice. See Consuegra v. Lloyd’s Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001). This claim may be asserted by Mr. Tsafatinos in a separate action against Family Dollar.[3] The dismissal with prejudice would bar such an action.
For the reasons stated herein, we affirm the dismissal with prejudice of the claim for common law indemnification and we affirm the dismissal of the claim for breach of contract. We reverse the dismissal of the breach of contract claim to the extent that such dismissal is with prejudice.
Affirmed in part and reversed in part.
CASANUEVA and SLEET, JJ„ Concur.

. In count three of the amended complaint, Mrs. Sugas alleged loss of consortium.

. See § 440.11(1), Fla. Stat. (2008).

. The lease agreement may lend itself to a third-party claim for contractual indemnification. However, we express no opinion as to the viability of such claim.